In re REKERSDRES.

(District Court. S. D. New York.   May 4, 1901.)

BANKRUPTCY—APPOINTMENT OF TRUSTEE.

Where at the first meeting of creditors an attorney appeared, representing the bankrupt and her attorney, and he occupied the same office with such bankrupt's attorney, and produced powers of attorney from creditors to vote for a trustee, and such creditors were in the majority in number and amount of the creditors in attendance, a refusal of the referee to appoint the candidate named by such majority of creditors there represented was proper.

In Bankruptcy.

Edwin Clinton Harvey, for bankrupt.
Harry B. Mintz, for creditors.

BROWN, District Judge.   At the first meeting of creditors, Harry B. Mintz appeared before the referee stating that he represented the bankrupt and her attorney Mr. Harvey, who occupied the same office with Mr. Mintz.   Mr. Mintz also produced powers of attorney from three creditors to vote for a trustee, and these were a majority in number and amount of the creditors in attendance.   Objection was made in behalf of another creditor to the nomination of a trustee by Mintz, and the referee refused to appoint the candidate so named, because his business association with Harvey, the attorney of the bankrupt, raised the presumption that the person nominated for trustee was nominated in fact by the bankrupt or her attorney, and therefore not a suitable person to act in the interest of creditors, since the trustee should be the free and unbiased choice of the creditors and not be influenced by any other interest.   Falter v. Reinhard, 4 Am. Bankr. R. 782, 104 Fed. 292; In re McGill (C. C. A.) 106 Fed. 57.

The referee's ruling is approved.   A trustee should be wholly free from all entangling alliances or associations that might in any way

control his complete independence and responsibility. For this reason I disallow the appointment of an attorney's clerk or other employé as trustee or receiver, who would be under the practical control of other interests or of other persons not directly responsible for his conduct.

For substantially similar reasons, proxies presented under circumstances of evident collusion with the bankrupt should be disallowed. It would be intolerable if the bankrupt by such means should be enabled to prevent or embarrass necessary investigation into his conduct or estate.