### In re MACHIN et al.

(District Court, E. D. Pennsylvania. February 12, 1904.)

No. 1,808.

1. BANKRUPTCY—SELECTION OF TRUSTEE—VOTES FOR INELIGIBLE CANDIDATE.

Votes voluntarily cast for a trustee by creditors of a bankrupt acting in their own behalf cannot be rejected and ignored because the person voted for was one who could not be approved by the court, because of his previous relation to the bankrupt; and where the counting of such votes results in a failure to select a trustee by the requisite number of creditors and amount of claims, and no request for a second election is made, the referee is authorized to make the selection himself.

In Bankruptcy. On certificate from referee.

Charles F. Van Horn, for trustee.

Edward L. Perkins, M. Hampton Todd, and Charles H. Pile, for creditors.

J. B. McPHERSON, District Judge. The report of the learned referee sufficiently vindicates his conclusions. The votes cast upon proxies that had been solicited by the bankrupts were properly rejected, but I agree with the referee in thinking that the votes of certain other creditors were not void, and could not be rejected, merely because they were offered in favor of a candidate who had formerly been the attorney of the bankrupts. Conceding for present purposes that he could not be approved, because of his previous relation, it does not follow that the votes voluntarily cast for him are not to be regarded at all. The creditors who cast them were exercising "a legal right in a legal and proper manner," to use the language of the referee; and, even if they were voting for a candidate who could not be approved by the court, this did not make their votes a nullity, so that the opposing candidate must be declared elected. The bankrupts' former attorney had a majority in number, while his opponent had a majority in amount, and it therefore appeared that the creditors were not sufficiently united to make a choice. No request for a second election was made, and the referee was right in selecting the trustee himself. The cases of Falter v. Reinhard, 106 Fed. 57, 45 C. C. A. 218, Re Rekersdres (D. C.) 108 Fed. 206, and Re Henschel (D. C.) 109 Fed. 861, are not in point, as will at once appear when the materially different fact is considered that the votes now complained of were not procured by the bankrupt, or in his interest, but were voluntarily cast by the creditors themselves. In Falter v. Reinhard the votes rejected were procured by the active intervention of the bankrupts or their agents. In Re Rekersdres the court sustained the referee in refusing to appoint a trustee who had been elected by proxies voted upon by an attorney who represented the bankrupt at the meeting, and occupied an office with her attorney. And in Re Henschel votes were rejected because complicity with the bankrupt was charged against the attorney who offered to cast them, and he refused to answer any questions on the subject. In each of these cases the bankrupt's interference either appeared, or was believed to exist, and the votes were rejected on that ground, whereas in the case now under consideration there is no evidence to show that the votes cast for the former attorney of the bankrupts were in any degree procured or influenced by them, or by any one else in their behalf.

The order of the referee is affirmed.