## In re HANSON et al.

(District Court, D. Minnesota, Fourth Division. July 27, 1904.)

### No. 900.

1. BANKRUPTCY—APPOINTMENT OF TRUSTEE—REVIEW BY COURT.

Under Bankr. Act July 1, 1898, c. 541, § 38a, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], which provides that the action of a referee shall be "subject always to a review by the judge," and rule 13 in bankruptcy (89 Fed. vii ; 32 C. C. A. xvii), which provides that the appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee, the appointment of a trustee by creditors, approved by the referee, is subject to review by the judge.

2. SAME—APPOINTMENT PROCURED BY BANKRUPT.

The appointment of a trustee in bankruptcy brought about by the active interference and procurement of the bankrupt will be disapproved by the court.

In Bankruptcy. On review of order of referee.

John T. Byrnes, for bankrupt.

E. P. Peterson, A. R. Hunt, L. E. Covell, and F. A. Campbell, for creditors.

LOCHREN, District Judge. Adjudication of bankruptcy upon the voluntary petition of the above named bankrupts, filed by John T. Byrnes, their attorney, was had February 12, 1902. At an adjourned session of the first meeting of creditors at the office of the referee on March 18, 1902, Mr. Byrnes appeared as attorney for the bankrupts, and also as attorney for a large number of the creditors, having powers of attorney authorizing him to represent them in making proofs of their claims and in the appointment of trustee. Among the creditors so represented by Mr. Byrnes was Hannah Hanson, the mother of the bankrupts, whose claim was upon a promissory note made to her by the bankrupts jointly July 16, 1901, for $4,893.85, payable on demand, with 8 per cent. interest, on which note was indorsed $2,450, as paid February 7, 1902, one day before the date of the petition in bankruptcy. On the objection of other creditors that it appeared that said Hannah Hanson had received an unlawful preference, proof of her claim was not allowed. On proceeding to the appointment of trustee, Thomas H. Green was nominated by the attorney in fact of certain creditors, and John S. Anderson was nominated by said John T. Byrnes on behalf of the creditors represented by him, although other creditors then objected that said Byrnes, because he was the attorney of record of the bankrupt and then acting as such, was disqualified from participating in the appointment of trustee. Pending the appointment of trustee, the meeting of creditors was adjourned until the next day; and in the interim, by the advice of said Byrnes, and through the active personal exertions of the bankrupts, most of the creditors represented by said Byrnes revoked their powers of attorney to him and executed like powers of attorney to L. E. Covell, with the understanding that said Covell should as their representative vote for said John S. Anderson for trustee. On the next day a majority of the creditors in number and amount, including the creditors so represented

by said Covell, voted for said John S. Anderson, although other creditors objected to the appointment of said Anderson, on the ground that he was the choice of the bankrupts, and that his majority vote was the result of the proxies and powers of attorney procured from creditors by the active interference of the bankrupts and their attorney. Notwithstanding this objection, the referee made an order approving the appointment of John S. Anderson as trustee, and on petition of opposing creditors this action of the referee is certified for review.

1. The power of the creditors to appoint the trustee under the provisions of section 44, Bankr. Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438], is not absolute. Section 30 provides that:

"All necessary rules, forms and orders as to procedure and for carrying this act into effect, shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

Rule 13 (89 Fed. vii; 32 C. C. A. xvii) provides that:

"The appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee or by the judge; and he shall be removable by the judge only."

Section 38 provides that all the acts of the referee are "subject always to a review by the judge."

It follows that the order of the referee approving the appointment of the trustee in this case is subject to such review.

2. As even the objecting creditors freely admit that Mr. Anderson is a man of responsibility, integrity, and high standing, it seems unfortunate that his appointment was brought about by such improper interference on the part of the bankrupts as should have caused it to be disapproved. But it is well settled by all the authorities that the trustee represents the creditors, and not the bankrupt, in the administration of the estate; and that it is improper that the bankrupt shall actively interfere with the matter of his selection and appointment; and that, if he does interfere and the person aided by him is appointed by votes procured by such interference, the appointment should for that reason be disapproved. In re McGill, 106 Fed. 57, 45 C. C. A. 218; In re Rekersdres (D. C.) 108 Fed. 206; In re Henschel (D. C.) 109 Fed. 861.

More cases to the same effect might be cited, and none to the contrary are found. The rule is a salutary one, and based on obviously sound reason. It often happens that it becomes the duty of the trustee to actively antagonize the bankrupt by efforts to discover secreted assets, or to set aside conveyances as fraudulent, or to recover preferences. There should be no color of basis for suspicion of any partiality or sense of obligation on the part of the trustee toward the bankrupt. Hence, however high the character of a proposed trustee may be, the active interference of the bankrupt in favor of his appointment will render him practically ineligible to appointment as trustee in that bankruptcy.

The order of the referee approving the appointment of John S. Anderson as trustee is reversed, and that appointment is disapproved.