## In re COOPER.

(District Court, E. D. Pennsylvania. February 21, 1905.)

### No. 2,143.

BANKRUPTCY—TRUSTEES—ELECTION—RIGHT TO VOTE—ATTORNEYS.

Where an attorney's retainer for a bankrupt was limited to the filing of the bankrupt's petition, and the latter paid him no fee, the attorney was not disqualified to accept claims from creditors sent to him thereafter without his solicitation or the procurement of the bankrupt, and to vote on such claims for the election of a trustee.

Charles W. Eaby, for trustee.
Alfred Aarons, for objecting creditor.

J. B. McPHERSON, District Judge. The testimony taken before the referee satisfies me that Mr. Eaby was only employed by the bankrupt to file his petition, and that his obligation as attorney ceased at that point. The bankrupt paid him no fee, and he seems to have been engaged for the special purpose just referred to. This being so, I see no impropriety in his accepting claims from creditors that were sent to him afterwards without his own solicitation or the procurement of the bankrupt, and voting upon them for trustee. There is no evidence of any collusion between the bankrupt and the attorney or the trustee, nor that the trustee was chosen in the bankrupt's interest, nor that the election was in any degree influenced by the bankrupt or the trustee. I have no disposition to relax the wholesome rule that the courts are disposed to enforce regarding this subject; on the contrary, I fully agree that neither the bankrupt nor his attorney should be permitted to have any influence in the election of the trustee. But where the relation of attorney and client was originally so limited, and had in effect come to an end, and where there is no ground even for suspicion of concealment or collusion, I think it would be unduly harsh to prohibit the attorney

from accepting the claims of creditors, since he would not be permitted to represent the bankrupt in any further stage of the proceeding, even if he should desire to do so. The whole transaction was in thorough good faith, and the peculiar circumstance of the case, including the bankrupt's disappearance, leave no doubt in my mind about the personal and professional rectitude of all concerned.

The referee's approval of the trustee's election is affirmed.