## In re MORRIS.

### (District Court, M. D. Pennsylvania. June 7, 1907.)

### No. 985.

1. BANKRUPTCY—PROOF OF DEBT—STATEMENT OF CONSIDERATION.

A proof of debt is clearly defective, where the sole statement of the consideration is that it was for "services, mdse., etc.," "bal. of wages," "for goods sold and delivered," and the like.

2. SAME—CREDITORS' MEETING—POSTPONEMENT BY REFEREE.

The postponement of a meeting of a bankrupt's creditors for the purpose of allowing a restatement or perfecting of a proof of debt is a matter within the discretion of the referee, which will not be interfered with except for abuse.

3. SAME—ELECTION OF TRUSTEE—CLAIMS REPRESENTED BY BANKRUPT'S ATTORNEY. [1]

Where, at a meeting of creditors called to elect a trustee, the majority in number were represented either by one who was attorney of record for the bankrupt or by a student in his office, and are objected to on that ground, as well as because the proofs of debt were insufficient, as a restatement or perfecting of the proofs will not remove the other objection and the controversy developed renders it probable that there will be no election, the court may go ahead and appoint a trustee, without awaiting further action by the creditors.

In Bankruptcy. On certificate from John W. Codding, referee.

C. A. Van Wormer, for exceptions.
W. P. Wilson, opposed.

ARCHBALD, District Judge. The referee has not certified as he should the question which the court was to pass upon, and the supposed record which he sends out is most incomplete and fragmentary. But counsel on both sides substantially agree as to what took place before him, and I will therefore proceed to dispose of the case without waiting for anything better.

At a meeting of creditors, held for the purpose of selecting a trustee, 33 claims, representing between $5,000 and $6,000, were proved and voted for Thomas English, and 44 claims, aggregating about $1,000, for David E. Kaufman; the former being presented and voted by Mr. Van Wormer, and the others by Mr. Wilson and Mr. McPherson, one or both, Mr. Wilson being attorney of record for the bankrupt, and Mr. McPherson a student in his office. Objection was made to all of the latter claims on account of the relation of Mr. Wilson to the bankrupt, and to some 38 of them also, because the proof of debt was insufficient; there being no proper specification of the consideration. The

---

[1] See In re MacKellar (D. C.) 116 Fed. 547, 8 Am. Bankr. Rep. 669; In re Henschel, 113 Fed. 443, 51 C. C. A. 277, 7 Am. Bankr. Rep. 662; In re Mangan (D. C.) 133 Fed. 1000, 13 Am. Bankr. Rep. 303.

referee seems to have recognized the incompleteness of the proofs, but proposed to allow them to be perfected. To this, however, Mr. Van Wormer objected, and asked that the proceedings be certified to the court without awaiting further action, which was accordingly done.

There can be no question of the right of a referee, under ordinary circumstances, to postpone a meeting of creditors, for the purpose of allowing a restatement or perfecting of a proof of debt, as was apparently the intention here. However inadvisable, as a rule, this may be, it is a matter of discretion which is not to be interfered with except for abuse. The proofs of debt objected to were clearly defective, most of them being simply stated to be for "services, mdse., etc," "bal. of wages," "bal. of professional services," "for goods sold and delivered," and the like; none of which meets the law. In re Blue Ridge Packing Co. (D. C.) 125 Fed. 619, 11 Am. Bankr. Rep. 36. They were, of course, capable of correction in this respect, and the referee cannot be said to have gone out of the way to allow it; but a restatement of the consideration would not relieve from the other objection, and even with new powers of attorney, to other parties, the claims would still be likely to be dominated by the bankrupt's attorney, and an influence exerted in the selection of a trustee, which the law does not favor. In re Cooper (D. C.) 135 Fed. 196, 14 Am. Bankr. Rep. 320. Moreover, the only effect in the end would be to prevent an election; neither party voted for having a majority in number and amount of the creditors. It is true that, with their proofs perfected, and represented by other attorneys, differences might have been harmonized at another meeting, and enough of the creditors got together to elect a trustee; but this is not probable, having regard to that which has stirred up the controversy. And, as a trustee must be named in the end, if there is a continued disagreement, it seems best to do so at once, rather than to delay in the hope of the contrary. Without criticising the referee therefore, and recognizing that the removal of the case here was before he had taken any definite action, except such as was within his discretion, I have concluded, as long as it is here, to take the matter into my own hands, and make an appointment, relieving the referee of that duty. The property of the bankrupt is at Pittston, where he was in business at the time of his failure, and there are the bulk of his creditors. A Pittston, rather than a Towanda, trustee should therefore be selected, and this is what will guide me.

The creditors having failed to elect a trustee, at the meeting called by the referee for that purpose, Frank C. Mosier, Esq., is hereby appointed; bond in the sum of $3,000, with proper sureties, to be furnished.