### In re FISHER.

(District Court, M. D. Pennsylvania.    October, 1911.)

BANKRUPTCY (§§ 126, 120*)—TRUSTEE—ELECTION—VALIDITY.

    While the practice in bankruptcy of canvassing creditors to secure the election of a particular person as trustee is reprehensible, an election by a clear majority of the creditors, both in number and amount, will not be disturbed because such practice was followed, and though the trustee occupied the same suite of offices with the bankrupt's attorney, where it does not appear that the selection was sought in the interest of the bankrupt or regardless of the rights of creditors.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 126, 120.*]

In the matter of one Fisher, bankrupt. On certificate of the referee on review of the election of a trustee. Affirmed.

The following is the report of the referee:

I, E. Foster Heller, the referee in bankruptcy in charge of this proceeding, do hereby certify:

That, in the course of such proceeding, an order was made on September 13, 1911, declaring William P. Brewster elected trustee in above estate.

That on the 19th day of September, A. D. 1911, B. Nicol & Co., by their attorneys, D. Rosenthal and Wm. N. Reynolds, Jr., feeling aggrieved thereat, filed a petition for a review, which was granted.

The following is a summary of the facts and evidence on which such order was based and made:

On August 10, 1911, an involuntary petition was filed against the above-named bankrupt, and on the same day she was duly adjudicated a bankrupt.

On August 11, 1911, order of referee was received by the undersigned referee, and on August 29, 1911, the bankrupt filed her schedules.

On September 8 and 13, 1911, after due notice, the first meeting of creditors for the purpose of electing a trustee was held.

At said meeting D. Oppenheimer, Esq., appeared for the bankrupt; W. H. Goodwin, Esq., Eugene Cohen. Esq., Wm. P. Brewster, Esq., David Rosenthal, Esq., and W. N. Reynolds, Esq., representing creditors.

Messrs. Brewster and Rosenthal were nominated for the office of trustee, and the following claims were voted for Mr. Rosenthal:

| | | |
|---|---:|---:|
| Morris Horn & Son | $ 31 | 00 |
| Ben Wasserstrom | 21 | 00 |
| H. P. & H. F. Wilson | 59 | 00 |
| Joseph Tishler | 13 | 83 |
| John Hance | 1,164 | 10 |
| B. Nicol & Co | 1,044 | 50 |

Of the above-named claims, Joseph Tishler's was rejected by the referee, and the claims of John Hance and B. Nicol & Co. were reduced from $1,164.10 to $1,087 and from $1,044.50 to $1,000, respectively, which gave Mr. Rosenthal five votes in number; aggregating in amount $2,198.

For Mr. Brewster, the following claims were voted:

| | | |
|---|---:|---:|
| A. Miller | $ 63 | 15 |
| G. T. Matlack | 7 | 00 |
| D. Murzin & Son | 9 | 75 |
| J. Joseph & Bros.' Co | 747 | 61 |
| Max Hurwitz | 100 | 00 |
| R. Flaherty | 26 | 00 |
| Posten Transfer Co | 52 | 25 |
| P. J. F. Janssens | 10 | 13 |
| M. I. Rosenblatt | 575 | 00 |
| Fowler, Dick & Walker | 295 | 00 |
| Lazarus Bros | 40 | 00 |
| D. E. Frantz | 99 | 50 |
| Evans | 6 | 30 |
| Ira G. Marvin | 108 | 15 |
| Samuel Oppenheim | 33 | 00 |
| Morris Levene | 11 | 85 |
| American Writing Paper Co | 33 | 80 |
| Owen D. Jones Estate | 9 | 00 |
| Robbins' Milling Co | 40 | 00 |
| Wm. J. Pauling Co | 6 | 30 |
| A. Michlowsky | 197 | 25 |

Of the above-named claims voted for Mr. Brewster. the claims of R. Flaherty, American Writing Paper Company, and the Robbins Milling Company were rejected by the referee, leaving voted for Mr. Brewster, 18 in number; aggregating in amount $2,371.24; giving to Mr. Brewster a clear majority both in number and amount. Exceptions were entered on the record to the confirming of Mr. Brewster's election as trustee, on the ground that there was collusion between the bankrupt and Mr. Brewster in the securing of claims to effect his election. Witnesses were called and testimony taken.

The first reason given why Mr. Brewster should not be approved as trustee is that the bankrupt was active in soliciting claims in behalf of Mr. Brewster. This contention was in no way substantiated by the testimony taken.

Second. That the claims voted for Mr. Brewster were solicited prior to the filing of the schedules. This is true as shown by the dates on the affidavits.

Third. That a large portion of the claims were sworn to before Wm. P. Brewster, as a notary public, before the schedules were filed, viz., eight. This is true. Mr. Brewster testified that he accompanied W. H. Goodwin, when securing certain claims and acted as notary.

Fourth. That W. P. Brewster and W. H. Goodwin solicited claims before the schedules were filed. This I found to be true, as appearing from the dates upon the affidavits on the claims filed.

Fifth. That W. P. Brewster occupies the same suite of offices as the attorney for the bankrupt, David Oppenheimer. This, I likewise found to be true.

I could not find from the evidence as produced that Mr. Brewster was in any degree in collusion with the bankrupt.

The soliciting of claims by Mr. Brewster and Mr. Goodwin is not to be commended or encouraged, but, at the same time, does not disqualify Mr. Brewster from acting as trustee.

The fact that Mr. Brewster occupies the same suite of offices with the bankrupt's attorney does not disqualify him as trustee.

After due consideration of the testimony which was offered, and having confidence in Mr. Brewster personally, and seeing no valid or legal reason why he should not be declared elected trustee, I declared Mr. Brewster elected trustee in this matter; he having the majority of claims in number and amount. The creditors fixed the amount of bond in the sum of $1,000.

The question presented on this review is whether the referee erred in declaring Wm. P. Brewster elected trustee in the above matter.

I hand up herewith, for the information of your honor, the testimony taken in the matter; also, the petition for review.

I cite the following two authorities by which I was guided in making the order complained of: In re Fletcher W. Ployd (D. C., Pa.) 25 Am. Bankr. Rep. 194, 183 Fed. 791; In re Blue Ridge Packing Co. (D. C., Pa.) 11 Am. Bankr. Rep. 36, 125 Fed. 619.

Dated at Wilkesbarre, Pa., this 27th day of September, A. D. 1911.

David Rosenthal and W. N. Reynolds, for exceptions.
W. H. Goodwin, opposed.

WITMER, District Judge. It is to be understood that the court does not look with favor upon the practice here employed in controlling the selection of a trustee, as disclosed by the record. The canvassing of creditors for this purpose is practiced here, it seems, as in some other parts of the district, to the disgrace of the bar. It compares with the practice of chasing hearses and ambulances, and like other unprofessional means employed by some of the members of the profession to secure employment. While these acts of the parties deserve censure, it is equally true that it does not appear that the efforts of securing claims to control the selection of a trustee were in the interest of the bankrupt, in order to control the administration of the estate for her benefit without regard for the rights of creditors. In view of the conclusions of the referee, based on matters of fact, the court will not reverse his findings which appear to be based on the testimony of the witnesses before him, and with which the court finds no fault.

The order of the referee is affirmed.