## In re KREUGER.

### In re C. C. CULLEN & CO.

#### (District Court, E. D. Kentucky. December, 1911.)

**1. BANKRUPTCY (§ 135*)—TRUSTEE—REPRESENTATIVE CAPACITY.**

A trustee in bankruptcy represents the creditors only, and not the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 233; Dec. Dig. § 135.*]

**2. BANKRUPTCY (§ 126*)—TRUSTEE—APPOINTMENT—POWER OF REFEREE.**

Under Bankruptcy Act July 1, 1898, c. 541, § 44, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), authorizing appointment of a trustee by the creditors, under section 45, which prescribes as the sole qualification that the trustee be competent to perform the duties of his office and reside or have an office within the judicial district, and under General Order No. 13, prescribed by the Supreme Court (89 Fed. vii, 32 C. C. A. xvii), which provides that the appointment of a trustee by the creditors shall be subject to approval or disapproval by the referee or by the judge, it is improper for a referee to disapprove an appointment made by the creditors on a mere suspicion that the appointment was procured by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*improper considerations,* based on the frequency with which the appointee has been selected as trustee in bankruptcy matters under the influence of the same attorneys who have procured his appointment in the particular matter.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. § 126.*]

3. BANKRUPTCY (§ 126*)—TRUSTEE—QUALIFICATION—RESIDENCE.

Under Bankruptcy Act July 1, 1898, c. 541, § 45, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), which prescribes as a qualification for the position of trustee in bankruptcy competency to perform the duties of that office and residence or office within the judicial district, remoteness of an appointee's residence from the place where the trust property is to be administered is not ground for disapproval by the referee of the appointment, if the appointee resides or has an office within the district.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 186; Dec. Dig. § 126.*]

In the matter of one Kreuger, bankrupt. On petition by C. C. Cullen & Co., as creditors, to review an order refusing to approve the appointment of a trustee, and on review of a petition of W. F. Baumeister, trustee, to require the receivers to pay over funds. Order refusing to approve appointment reversed, and Baumeister's petition denied.

R. A. Chiles, for C. C. Cullen & Co.

COCHRAN, District Judge. This cause is before me on petition for review filed by C. C. Cullen & Co., creditors, of an order of the referee, made November 11, 1911, refusing to approve the appointment of T. B. Rodman as trustee, and directing the appointment on the same day of another trustee, when W. F. Baumeister was appointed; on another petition for review, filed by the same creditors, of an order of the referee, made November 27, 1911, after the filing of the first petition for review, directing that on December 8, 1911, depositions be taken of certain witnesses to put into the record the evidence of facts upon which the referee had based his refusal to approve the election of T. B. Rodman as trutsee; and on petition of W. F. Baumeister, trustee, to the referee, for an order requiring T. B. Rodman, receiver herein, to pay over to him as trustee funds in his hands as receiver, which the referee has certified to the court for consideration and action.

At the election held for trustee, said Rodman and Jonas Fish were voted for. Rodman received the votes of 25 creditors, whose claims amounted to $9,166.42, and Fish received the votes of 18 creditors, whose claims amounted to $2,767.65. Immediately upon the election being had and so resulting, the referee refused to approve the election of Rodman as trustee for these reasons, to wit:

"The bankruptcy law provided there shall be no official trustee. The trustee shall represent alike the creditors and the bankrupt, and be the special representative of no particular interest or individuals. The trustee elected by the powers of attorney held by two of the attorneys in this proceeding lives remote from the place where the trust must be administered. This same man has been elected with such frequency by these same attorneys as the trustee of bankrupt estates in difficult and remotely separated sections of the state

as to give color to the impression that his being so repeatedly elected by these same men might be in furtherance of some agreement or interest which should not be a controlling one in this proceeding. That there may be no reason to suspect in the least degree that the trustee in this proceeding is the representative directly or indirectly of any special interest, the referee declines to approve the election of this trustee and directs that the creditors do now proceed to the election of some other for the position."

The second petition for review and the petition of Baumeister, trustee, hang upon the disposition of the first petition for review bringing in question the validity of the order of the referee disapproving the election of Rodman and directing the election of another. I will therefore proceed at once to a consideration of that petition.

By section 44 of the Bankruptcy Act provision is made that the creditors shall elect, or rather, in the language of the section, "appoint," the trustee; and by section 45 the sole qualification prescribed for the position by an individual is that he be "competent to perform the duties of that office and reside or have an office in the judicial district within which they are appointed." The sole power conferred by the Bankruptcy Act on the referee or judge in relation to the appointment of a trustee is contained in section 44, where it is provided that, if the creditors do not appoint, "the court shall do so." The act, therefore, contains no provision conferring on the referee or judge the right to disapprove an appointment made by the creditors. The right so to do is to be found in General Order No. 13 (89 Fed. vii, 32 C. C. A. xvii) prescribed by the Supreme Court pursuant to section 30 of the Bankruptcy Act, which provides that:

"The appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee or by the judge, and he shall be removable by the judge only."

Collier on Bankruptcy (8th Ed.) p. 528, questions the validity of this order, but it has always been accepted by the courts as valid. They all, however, recognize that the primary right of appointment is in the creditors, that the right of disapproval is not to be lightly exercised, and that it cannot be exercised arbitrarily but only for cause. In the case of In re Lloyd (D. C., Wis.) 17 Am. Bankr. Rep. 96, 148 Fed. 92, Judge Quarles said:

"It must be remembered, however, that by the terms of the act the creditors are empowered to select a trustee. It is a serious matter to disfranchise creditors, and deprive them of rights expressly conferred by the Bankruptcy Act."

And in the case of In re Van De Mark (D. C., N. Y.) 23 Am. Bankr. Rep. 760, 175 Fed. 287, Judge Hazel said:

"The statute plainly and unequivocally provided that the creditors shall have the power to appoint a trustee or trustees, subject to the approval or disapproval of the referee; and this statutory right without adequate cause cannot be taken from them by the bankruptcy court."

The only cause for disapproval which has thus far been recognized by the courts, so far as my investigation goes, is that the bankrupt has interfered in the appointment of the trustee, so as to bring about the appointment of his choice, and it has been stated to be the only cause for disapproval. In the case of In re Eastlack (D. C., N. J.)

16 Am. Bankr. Rep. 529, 145 Fed. 68, which reviews all the earlier authorities, Judge Lanning says:

"These cases establish the rule that the election of a trustee by the creditors is not to be disapproved, unless there is good reason for 'believing that the election has been directed, managed, or controlled by the bankrupt or his attorney, or by some influence opposed to the creditors' interests."

Mr. Collier in his work (page 529) states this as the only ground of disapproval. In the case of In re Hanson (D. C., Minn.) 19 Am. Bankr. Rep. 235, 156 Fed. 717, Judge Lochren states the law in this connection affirmatively in these words:

"But it is well settled by all the authorities that the trustee represents the creditors, and not the bankrupt, in the administration of the estate, and that it is improper that the bankrupt shall actively interfere with the matter of his selection and appointment, and that if he does interfere, and the person aided by him is appointed by votes procured by such interference, the appointment should for that reason be disapproved."

, [1, 2] Now, I do not gather, from the referee's statement of the reasons which led him to take the action complained of, that the bankrupt to any extent interfered in the election, or aided in the election or in the bringing about of the appointment, of Rodman. At any rate, such interference and aiding, if any there was, was not regarded by the referee as affecting the validity of the appointment, as he seems to have thought that the bankrupt had a right to interfere and aid. I infer this from his statement that the trustee represents alike the creditors and the bankrupt. This, however, is not correct. The trustee does not represent the bankrupt. He represents the creditors, and them alone. It is because of this that interference and aiding on the part of the bankrupt in the appointment affects its validity.

It would seem that the sole ground upon which the referee based his action was that Rodman was the special representative of some particular interest or individuals other than the bankrupt. He does not really find that he was, but simply suspects that he was, and, that there might not be any reason to "suspect in the least degree" that such was the case, he refused to approve the appointment. He does not intimate what special or particular interest or individuals he suspected that Rodman represented. And the only reason he gives for the suspicion is that Rodman had been repeatedly elected trustee in different and remotely separate sections of the state. There is nothing in this circumstance to indicate that in the performance of his duties he would represent the interests of anybody other than the creditors, and those of all the creditors. That he has been repeatedly appointed a trustee in bankruptcy is rather a testimonial in his favor. Its tendency is to show that heretofore he has performed the duties of trustee satisfactorily to the creditors. The case we have here, then, is a disapproval of the appointment by the creditors of a trustee, with no finding that he is under any influence antagonistic to the creditors, and with nothing but a mere suspicion that he is, and the only reason given for such suspicion favoring rather that he is not under such influence.

There is no law against the repeated appointment by creditors in different cases of the same person as trustee. Such repeated appointment does not make him an official trustee.

[3] There is some reference in the referee's statement of reasons to the fact that Rodman lives remote from the place where the trust had to be administered. But such is not a cause of disapproval. It is sufficient that he lives or has an office in the district. The fact that the referee approved the appointment of Baumeister, who lives much farther away, and seems not to live or have an office in this district, but in the Western district, and hence was not qualified for the position indicated, that he could not have attached much importance to this circumstance.

It follows, from all that I have said, that the appointment of Mr. Rodman should have been approved.

The action of the referee in refusing to approve his appointment as trustee in this case is reversed, with directions to approve it and permit him to perform the duties thereof. It follows, also, that the order of November 27th should be reversed, and the petition of Baumeister be denied.

The cause is returned to the referee for further proceeding consistent herewith.