[No. 26784. *En Banc.* March 22, 1938.]

F. M. McGRATH, *Appellant*, v. JOHN C. STEVENSON et al., *Respondents*.[1]

[1]Reported in 77 P. (2d) 608.

*John R. Martin,* for appellant.

*Vanderveer & Bassett, B. Gray Warner,* and *Patrick Tammany,* for respondents.

MILLARD, J.—The plaintiff, claiming to be an abutting owner on the vacated portion of Miramar avenue, instituted this action to set aside the order of the board of county commissioners of King county authorizing the vacation of a portion of Miramar avenue on the petition of Birt F. Fisher and others, and to enjoin the defendants from obstructing that avenue or interfering with the plaintiff in the use of that road.

The cause was tried to the court, which found that the petition for the vacation of a part of the road in question was not signed, as the statute (Rem. Rev. Stat., § 6503 [P. C. § 6061]) requires, by ten freeholders residing in the vicinity of the vacated road; and that Miramar avenue, a portion of which was vacated, was the most practicable pedestrian route of ingress and egress to and from the plaintiff's property and constituted a valuable incident to the enjoyment and use of that property. The court made no finding on the question whether the plaintiff was an abutting owner on the vacated road. Defendants Fisher were required to execute a new deed enlarging the easement rights which the county commissioners ordered for the protection of the plaintiff and his friends and guests. The trial court concluded that every right of the plaintiff had been fully safeguarded, and entered a decree denying the prayer for injunctive or other relief. Plaintiff appealed.

Counsel for appellant first contends that, as the petition for the vacation of Miramar avenue was not

signed by ten freeholders residing in the vicinity of that avenue, the board of county commissioners did not obtain jurisdiction to vacate that avenue; therefore, the proceedings of the board and its order of vacation are void and should be set aside.

On the theory that the residence of certain of the signers of the vacation petition on their properties only at intervals during the summer months was not a "residing" within the meaning of the statute, the court excluded the signatures of those signers, and as a result of such deletion there were less than ten signatures on the petition.

The pertinent statute reads as follows:

"When a county road, or a part thereof, is considered useless, and ten freeholders residing in' the vicinity of said road may petition the board of county commissioners to vacate the same, such petition shall show the land owned by each petitioner, and shall also set forth that such road will be useless as a part of the general system, that the public will be benefited by its vacation. . . ." Rem. Rev. Stat., § 6503.

Each of the terms "reside," "residing," "resident," and "residence" is elastic. To interpret the sense in which such a term is used, we should look to the object or purpose of the statute in which the term is employed. A man can have only one place of residence for voting purposes and certain other purposes, but there is no reason why, within the meaning of the vacation statute (Rem. Rev. Stat., § 6503), he may not have more than one place of residence.

The phrase "freeholders residing in the vicinity" is not used in a strict sense as necessarily implying a permanent abode in such place, but as used in Rem. Rev. Stat., § 6503, may be satisfied by a temporary residence in the vicinity. The principle of the law and its evident intent are that a road shall not be vacated without the advice and sanction of the requisite num-

ber of residents who have a property interest in that vicinity. A man may have a summer home, as the freeholder petitioners in the case at bar had, and also a place of permanent abode. "Residing," as used in the vacation statute (Rem. Rev. Stat., § 6503), is not employed in the sense of legal residence of a person with reference to his right of suffrage and eligibility to office. Clearly, the intention of the statute is to insure the execution of a petition by ten ·people having an actual personal interest in the vacation of the road.

Appellant next contends that he is an abutting owner of the part of Miramar avenue vacated; therefore, the street cannot be validly vacated over his objection until the damages sustained by him by reason of such vacation are ascertained and paid. Counsel for respondents argue that Miramar avenue is a dedicated street in the plat of Crescent Beach; that the dedication was literally the grant of an easement, but it was not a grant to the appellant or any predecessor of his because the appellant's property does not lie within the plat of Crescent Beach, and he never purchased any interest in any of the dedicated streets. It is insisted that, even if the property of the appellant abutted upon the vacated portion of Miramar avenue, no part of that street would revert to appellant because neither he nor any predecessor of his ever owned any part of it. It is further urged by counsel for respondents that the appellant's property does not abut on any part of the vacated portion of Miramar avenue, but abuts throughout its entire length on S. W. 176th street.

The trial court found that S. W. 176th street and Miramar avenue are public roads which were dedicated as a part of the plat of Crescent Beach, within which plat no part of the appellant's property lies; that the end of Miramar avenue intersects S. W. 176th street from the east at an angle of approximately fifty

degrees, and that the appellant's property lies along the southerly or southwesterly side of S. W. 176th street.

It clearly appears that the vacated portion of Miramar avenue lies to the north of the north line of S. W. 176th street, on which street appellant's property abuts throughout its entire length, and that no part of appellant's property touches Miramar avenue.

His property does not abut on Miramar avenue; therefore, appellant cannot maintain an action to restrain the vacation of that avenue, as there is no interference with access to his property—the improvements (in which appellant has been given a perpetual easement) made since the vacation render the actual access by pedestrians via Miramar avenue to and from appellant's property much more adequate, convenient, and safe than theretofore—and he has not suffered a special or peculiar damage differing in kind from that of the general public. *Kemp v. Seattle,* 149 Wash. 197, 270 Pac. 431; *Cooke v. Portland,* 136 Ore. 233, 298 Pac. 900.

The judgment is affirmed.

ALL CONCUR.