SLOAN'S FURRIERS, Inc., et al. v.
BRADLEY.

No. 9805.

Circuit Court of Appeals, Sixth Circuit.

Jan. 15, 1945.

758

Sol Goodman and Albert Spievack, both of Cincinnati, Ohio, for appellants.

Maurice H. Koodish, of Cincinnati, Ohio (Maurice H. Koodish, and J. E. Rappoport, both of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The appellants in this bankruptcy appeal are merchandise creditors of the bankrupt who, at the election of a trustee, objected to the allowance of claims of other creditors for the purpose of voting, and to the appointment of the elected trustee, on the ground that his election was bankrupt-controlled. The referee overruled substantially all objections to proofs of claim, overruled the motion to set aside the election, and appointed the recommended trustee. The appellants' petition for review of the referee's order of appointment was overruled, and the order confirmed. It is from this order that appeal is taken.

The bankrupt was a corporation engaged in the retail fur business in the Fountain Square building in Cincinnati. Upon the filing of a petition in bankruptcy on June 22, 1943, one Bradley was appointed receiver by the United States District Court, to conserve its assets. The first meeting of creditors held July 19, 1943, in the office of the referee, at which the bankrupt was examined and claims of creditors discussed, was adjourned to July 24, to permit correction in some of the claims. At the adjourned meeting an election was held at which Bradley, the receiver, was elected trustee over the objection of present counsel for the appellants. A petition for review was based upon the grounds already stated. The objections to the voting of claims were, in the main, technical. They included, in addition to charges that attorneys who had performed services for the corporation, had, in reality, represented Grabfield, its sole stockholder, the charge that claims for personal services were not sufficiently specific; that some of the debts had not been liquidated; that some creditors were in reality secured, even though security was without reservation waived; and that claims evidenced by notes were ineligible to be voted because the notes had not been attached to the claim, though the referee had permitted such claims to be voted both for and against Bradley upon representation of counsel that the notes would be later attached.

There is, however, upon the record, no doubt as to the existence of the debts objected to, or the good faith of the creditors asserting them. It must be understood that the allowance of claims, for purposes of voting, is not their final allowance, and that upon a determination of their validity for voting purposes, when challenged, the only question for the court is whether there was reasonable ground for the determination made. In re Rosenfeld-Goldman Co., D.C., 228 F. 921. The mere filing of a proof of claim is prima facie evidence of its validity, with the burden of disproving it upon the objector. Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584. The situation that faced the referee is important in order to determine whether he exercised a sound discretion in accepting the votes of the assailed creditors. At the time of the appointment of Bradley as receiver, the bankrupt's assets, located in the Fountain Square building, were in charge of a single employee who had remained after the resignation of the only officer of the corporation residing in Cincinnati. The premises of the bankrupt contained not only its own stock of furs, but much property of others held in its custody for storage and safekeeping. The landlord was concerned about its rent, which was substantial, and had already filed a motion with the district court to compel the bankrupt to vacate. It was important to the orderly liquidation of the bankrupt's assets, and in the release of furs belonging to customers, that a trustee be promptly chosen. The referee, nevertheless, gave careful consideration to the objections urged, and we perceive no abuse of discretion in permitting the assailed creditors to vote. This conclusion is fortified by the fact that the challenged claims were finally allowed by the referee, and that from such allowances the appellants failed to seek review.

More important is the contention of the appellants that the election of Bradley was bankrupt-controlled. It is un-

doubtedly the rule that where a bankrupt attempts to influence the election of a trustee the choice will be disapproved regardless of the qualifications and personal integrity of the man chosen. Collier, 13th Ed., pp. 1021 to 26; In re McGill, 6 Cir., 106 F. 57. This has been held to include a trustee whose election was secured by the activity of the bankrupt's attorney. In re Rekersdres, D.C., 108 F. 206; In re Sitting, D.C., 182 F. 917. So it becomes necessary to determine whether Grabfield, sole stockholder of the bankrupt corporation, dictated the election of the trustee, and whether the circumstances of Bradley's election were such as to forecast influence by Grabfield over the liquidation of the bankrupt's assets.

█ Although Grabfield presented a substantial claim against the bankrupt estate, he was not permitted to vote at the election. Neither was Rogoff, general manager and an officer of the corporation, even though he had resigned before bankruptcy. No previous connection between Grabfield and Bradley was shown, and when pressed by the referee as to Bradley not being a representative of Grabfield, counsel for the protesting creditors answered in the affirmative. The sole circumstance supporting the contention of the protesting creditors that the election was bankrupt-controlled, is the fact that Koodish, who later became attorney for the trustee, had been Grabfield's personal attorney. Koodish, however, represented other creditors of the bankrupt, and the record fails to disclose that his subsequent appointment as attorney for the trustee was opposed by the appellants. Indeed, no issue as to his appointment is presented upon this record, although at the time of the election the referee invited counsel for appellants to record objection to the selection of counsel for the trustee, if and when such appointment was sought.

The referee came to the conclusion that the contest over the selection of a trustee was not, in reality, a controversy in respect to Bradley at all, since high tribute was paid by the objectors to Bradley's integrity, ability and experience as a liquidating trustee,—a tribute repeated even more fulsomely, here. The referee viewed the contest as one between attorneys for representation of the trustee, and there is much in the record to support his conclusion. When the claim of the Ohio Finance Company was first presented, its represen-

tative stated that he had authority to waive a portion of the security represented by hypothecated accounts. Appellants' counsel waived objection to the claim in the belief that it would be voted in his favor. When he found that in this he was mistaken, he sought to withdraw the waiver. There was evidence also that appellants' counsel had interviewed the local manager of this creditor and had offered to nominate its attorney as trustee, and evidence that he had offered to vote his claims for Bradley if Bradley would recommend his appointment as counsel for the trustee. Nowhere in the record is this evidence controverted.

The estate of the bankrupt has now been fully liquidated, its liabilities finally determined, and its assets converted into cash,— nothing remains to be done except a distribution of the fund to creditors. We are asked to set aside the election of the trustee, and so to adjudicate, as a nullity, everything that has so far been done by him, and to throw the matter open to another fight among creditors whose claims, as voted, have now been finally without contest allowed. This would seem to be an utterly futile proceeding. True, it is, that the vindication of a principle, so salutary as freedom of a trustee from bankrupt control, might impose upon a court of equity, an adjudication wholly futile in practical aspect, but it would have to be in a case where evasion is much more clearly demonstrated than here it is, in response to challenge whose bona fides are not suspect, and requiring no approval to an unseemly contest among lawyers for trustee representation.

█ There was no evidence of the allowance of invalid claims, no evidence of fraud, as in Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, no dereliction, breach of trust, or ineptitude on the part of the trustee, no undue influence by the bankrupt or its sole stockholder over the conduct of the liquidation. While the trustee might well have recommended, and the referee have appointed other counsel, we do not meet here any issue with respect to the appointment of Koodish as counsel for the trustee. The actual administration of bankrupt estates is, by the law, left largely to the referees, and it is settled practice not to disturb their acts unless a plain and injurious error of law or abuse of discretion is shown. In re Rosenfeld-Goldman

Co., supra. The order of the referee has now had the approval of the District Judge, and under settled rules we should not set it aside except upon a clear showing of an error of law or a plain mistake of fact. We find neither.

The order below is affirmed.