

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 10, 1958

Honorable Wm. J. Burke
State Board of Control
Austin, Texas

Opinion No. WW-414

Re: Does Article 608, Vernon's Anno-
tated Civil Statutes, prohibit
a resident branch of a national
company from being considered
as an eligible bidder to supply
the State Departments with sta-
tionery, supplies, etc.

Dear Mr. Burke:

We have received your letter of March 14th in which
you ask if, in our opinion, a resident branch of a national com-
pany can be considered as a resident of Texas, so as to be an
eligible bidder under the provisions of Article 608, Vernon's
Annotated Civil Statutes, which reads, in part, as follows:

"The Board of Control shall contract for a
term of not exceeding two years with responsible
persons, firms, corporations, or associations of
persons, who shall be residents of Texas, for
supplying to the State all printing, binding, sta-
tionery and supplies. . . ." (Emphasis added)

We shall assume, for purposes of this opinion, that
the resident branches, as well as the national companies, are
otherwise eligible and that such branches are actually doing
business in this State under proper authorization.

The phrase ". . . residents of Texas. . .", as used
in such statute, does not appear to have been specifically con-
strued by the Courts of this State. Furthermore, the terms
"reside", "residing", "resident" and "residence" are elastic
and should be interpreted in light of the object or purpose of
the statute in which such term is employed. McGrath v. Steven-
son, 77 P.2d 608, 194 Wash. 160; Switzerland General Ins. Co.
v. Gulf Ins. Co., Tex.Civ.App., 213 S.W.2d 161. The usual im-
port of "resident", however, is a legal residence. Buchholz v.
Buchholz, 115 P. 88, 63 Wash. 213.

In our opinion, Article 608, relates to the question
of with whom the Board of Control may contract or do business
insofar as the purchase of the enumerated supplies or services
is concerned. Who, then, are "residents of Texas", for purposes
of selling such supplies and services to the State of Texas?

A Virginia statute required a license to be obtained by every person selling goods by sample who was not a "resident merchant". After holding that a person could be a resident merchant while not being a resident citizen, the Supreme Court of Appeals of Virginia, in Speer v. Commonwealth, 23 Grat. 935, 14 Amer. R. 164, said:

> ". . . The word 'residence', as used in connection with the words 'merchant', 'mechanic' or 'manufacturer' was not intended to import a personal residence, but only the 'place of business'. . . ." (Emphasis added)

In 8 Fletcher Cyclopedia Corporations, Section 4029, it is said that:

> ". . . The rule universally obtaining in both England and the United States is that a company, for jurisdictional purposes, may have a domicile, both where it was created and where it transacts business."

Also, at Section 4046, a corporation ". . . might have a residence in every state wherein it does business and is privileged by its charter to do business. . . ".

This seems to be the rule in Texas as well:

> "'It is very generally held that a corporation is an inhabitant of the state under whose law it is incorporated, and that it has a residence wherever it conducts its ordinary business.' . . ." (Emphasis added) Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S.W. 576.

This rule is restated in Mergenthaler Linotype Co. v. Herrmann, (Tex.Civ.App.) 211 S.W.2d 633, but the distinction is made that to be such a resident, the corporation must actually be doing business in Texas.

In view of the foregoing authorities, in our opinion, branches of national companies which are actually doing business in Texas are "residents of Texas" within the meaning of such term in Article 608, Vernon's Annotated Civil Statutes.

We are not unmindful of the distinctions between the various types of eligible bidders specified by such Article in so far as they may be natural persons, or corporate entities, but we feel that the controlling question is whether they actually are doing business in Texas, and not in what form the

prospective bidder may be doing business.  As pointed out above, we have assumed that the resident branch is otherwise eligible and properly authorized.

We are unable to determine any legislative intent, envisioned by Article 608, Vernon's Annotated Civil Statutes, to prohibit the Board of Control from contracting with a branch of a national company, if the branch is actually doing business in Texas.

### SUMMARY

Article 608, Vernon's Annotated Civil Statutes, does not prohibit a resident branch of a national company from being considered as an eligible bidder to supply the State Departments with stationery, supplies, etc., if the branch is actually doing business in Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling

Tom I. McFarling
Assistant

TIM:mg:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Riley Eugene Fletcher
Ralph Rash
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert