### In the Matter of NATIONAL DISCOUNT CORPORATION, Bankrupt.
### No. B/1892.

United States District Court
W. D. South Carolina,
Spartanburg Division.
Sept. 7, 1961.

L. A. Odom, Spartanburg, S. C., Thomas A. Wofford, Greenville, S. C., J. Nat Hamrick, Rutherfordton, N. C., J. Bruce Foster, Spartanburg, S. C., for bankrupt.

Wesley M. Walker, Greenville, S. C., for petitioning creditors and various creditors and other attorneys representing other creditors.

WYCHE, Chief Judge.

The National Discount Corporation was on the first day of August, 1961, adjudged a bankrupt upon the ground that while insolvent it suffered the appointment of a receiver by the Court of Common Pleas for Spartanburg County, South Carolina, to take charge of its property.

The case is before me upon appeal from the order of the Referee in Bankruptcy disapproving the unanimous election of the trustee by the creditors of the bankrupt.

I have read the entire record of the proceedings that took place before the Referee in the unanimous election by the creditors of R. Emmett Kerr as trustee, the objections by the bankrupt to the nomination of R. Emmett Kerr for trustee, the objection of the bankrupt to the approval of R. Emmett Kerr as trustee after his unanimous election as trustee by the creditors, the contention of attorneys for the creditors that the bankrupt had no right to object to the approval of the trustee after he had been unanimously elected by the creditors, together with the order of the Referee in Bankruptcy.

There is no difference in the material facts in the record before the Referee and the statements of counsel for the parties as to the contents of the record before the Referee made at the hearing on the appeal before me. As a matter of fact, there is no dispute as to the material facts in the appeal before me.

At the outset I will discuss the question of the right of the bankrupt to participate in the election of a trustee and the propriety of the bankrupt to object to the approval of a trustee elected by the creditors, raised by attorneys for the creditors before the Referee and discussed before me.

In the case of In re Bloomberg, D.C., 48 F.2d 635, at page 637, Judge Sanborn, later an outstanding Circuit Judge of the Court of Appeals of the Seventh Circuit, stated: " ' * * * it is well settled by all the authorities that the trustee represents the creditors, and not the bankrupt, in the administration of the estate; and that *it is improper that the bankrupt shall actively interfere with the matter of his selection and appointment; * *.* In re McGill, 106 F. 57, 45 C.C.A. 218; In re Rekersdres (D.C.) 108 F. 206; In re Henschel (D.C.) 109 F. 861. More cases to the same effect might be cited, and none to the contrary are found. The rule is a salutary one, and based on obviously sound reason. It often happens that it becomes the duty of the trustee to actively antagonize the bankrupt by efforts to discover secreted assets, or to set aside conveyances as fraudulent, or to recover preferences. There should be no color of basis for suspicion of any partiality or sense of obligation on the part of the trustee toward the bankrupt. Hence, however high the character of a proposed trustee may be, the active interference of the bankrupt in favor of his appointment will render him practically ineligible to appointment as trustee in that bankruptcy.'

"In re Lloyd (D.C.) 148 F. 92, 93, Judge Quarles said: 'By applying to the bankruptcy court, the bankrupt voluntarily surrenders all control over his estate, and the same passes to the officers of the law, under the act. *Any effort on his part to control the selection of a trustee, or to shape any of the proceedings of the court, must be resented and rebuked. It is a pernicious intermeddling which cannot be too strongly condemned.* Referees should be vigilant to detect, and take all lawful means to prevent, any such interference by the bankrupt in court proceedings. * * *

"The same rule is either recognized or applied in the following cases: In re Lewensohn (D.C.) 98 F. 576; In re Rek-

ersdres (D.C.) 108 F. 206; In re McGill (C.C.A. 6th) 106 F. 57; In re Machin (D.C.) 128 F. 315; In re Cooper (D.C.) 135 F. 196; Birmingham Coal & Iron Co. v. Southern Steel Co. (D.C.) 160 F. 212; In re Morris (D.C.) 154 F. 211; In re Sitting (D.C.) 182 F. 917; In re Ployd (D.C.) 183 F. 791; In re Kreuger (D.C.) 196 F. 705; In re Stowe (D.C.) 235 F. 463; In re Fisher (D.C.) 193 F. 104, 26 A.B.R. 793; In re White (C.C. A.) 15 F.2d 371; In re Stradley & Co. (D.C.) 187 F. 285; In re Rothleder (D. C.) 232 F. 398; Bollman v. Tobin (C. C.A. 8th) 239 F. 469; Petition of Safran (C.C.A. 1st) 275 F. 819; In re Day Lumber Co. (D.C.) 8 F.2d 146." (Emphasis added.) See, also, Sloan's Furriers v. Bradley, 6 Cir., 146 F.2d 757; In re Thomas, 7 Cir., 263 F.2d 287.

In the case of In re Smith, 1 N.B.R. 243, 247, 22 Fed.Cas. p. 381, No. 12,-971, 2 Ben. 113, Judge Blatchford (later a Justice of the Supreme Court) had this to say upon the question: "The policy of the bankrupt act, as clearly shown in its provisions, is to give to the creditors of the bankrupt the free, deliberate, unbiased choice, in the first instance, of the person who is to take the assets and manage them. * * * The importance of this policy has been uniformly recognized by this court * * *. It is especially incumbent upon registers in no manner to interfere with or influence either directly or indirectly the choice of an assignee by creditors."

In re Lewensohn, D.C., 98 F. 576, 579, Judge Brown (later a Justice of the Supreme Court) had this to say upon this question: "The objections to Mr. Bacon seem to me insufficient for setting aside the creditors' unanimous choice. * * * These objections were stated by the bankrupt's counsel in an address to the referee. * * * The choice of creditors ought not to be interfered with on slight grounds. Robs.Bankr. 395; Coll Bankr. 247. * * * In bankruptcy, however, the beneficiaries are not the bankrupt, but the creditors. For that reason the law gives to them alone the choice of trustee; *the bankrupt has no part in it,*

*because presumably he has no interest in it*; and it is scarcely consistent with that situation, that the bankrupt who has no voice in the election and whose business dealings may have been most reprehensible, should be allowed to defeat the creditors' unanimous choice on the ground that the trustee elected was unfriendly to himself—an objection which would naturally be strongest when the bankrupt's own demerits were greatest. The trustee's duties are administrative, not judicial." (Emphasis added.)

Circuit Judge Day, later a Justice of the Supreme Court, in the case of In re McGill, 106 F. 57, at page 62, speaking for the Court of Appeals for the Sixth Circuit, said: "Interference by the bankrupt—the voting of claims in his interest or at his direction—has always been discountenanced by the courts, and held to invalidate a choice of trustee thus secured."

The latest case I have been able to find on the subject is In re Thomas, 7 Cir., 263 F.2d 287, at page 289, where the court had this to say: " '* * * One of the highest acts of the creditors is the choice of a trustee. That power is clearly committed to them by section 44 of the Bankruptcy Act. Their choice is subject to the approval of the court, but should be approved unless good cause exists for disapproving. One of the chief causes for disapproval is interference in the election by parties having an interest hostile to the general creditors, such, for example, as the bankrupts or their friends or kindred. Such interference has been frequently condemned by the courts. * * * To the same effect, see, In re Hale Desk Co., 2 Cir., 89 F.2d 1, 2."

██ I must conclude, therefore, that it is improper for the bankrupt to actively interfere in the selection and the appointment of a trustee.

In the case of In re Tyne, 7 Cir., 261 F.2d 249, at page 251, the Court of Appeals for the Seventh Circuit said: "It is, of course, fundamental that no one may appeal a judgment unless he has *an immediate, pecuniary and substantial in-*

*terest* and the Bankruptcy Act does not justify an appeal by a party without such an interest. Missouri Pacific Railroad Co. v. Thompson, 8 Cir., 1943, 134 F.2d 139, 141; Matter of Western Pacific Railroad Co., 9 Cir., 1941, 122 F.2d 807. Thus, it was held in Castaner v. Mora, 1 Cir., 1954, 216 F.2d 189, that a bankrupt was not aggrieved in a legal sense and had no appealable interest. * * * an appealable interest must not only be substantial but also direct; * * *." (Emphasis added.)

The same reasoning should apply in this case as to *the right* of the bankrupt to object to the approval of the unanimous election by the creditors of the trustee because the bankrupt has no immediate, pecuniary or substantial interest. The bankrupt was not aggrieved in a legal sense by the selection of the trustee by the unanimous vote of the creditors. It suffered no pecuniary loss; it had no substantial or direct interest in the election of a trustee.

However, I find it unnecessary to pass upon this question since I am convinced by the record before me and the record before the Referee, and the Bankruptcy law, that the Referee was in error in disapproving the unanimous election of R. Emmett Kerr as trustee.

The pertinent portion of the statute involved in this controversy is as follows: "Receivers and trustees shall be (1) individuals who are competent to perform their duties and who reside or have an office in the judicial district within which they are appointed; * * *." 11 U.S. C.A. § 73.

■ In statutory construction, it is settled that "reside" is an elastic term to be interpreted in the light of the purpose of the statute in which such term is used; "reside" is a term whose statutory meaning depends upon the context and purpose of the statute in which it occurs. In re Jones, 341 Pa. 329, 19 A.2d 280, at page 282; McGrath v. Stevenson, 194 Wash. 160, 77 P.2d 608, 609. It is not synonymous with "citizenship" (Robertson v. Cease, 97 U.S. 646, 24 L.Ed. 1057); while a person may be said to have but one domicile, he may have several residences. Zambrino v. Galveston, H. & S. A. Ry. Co., C.C., 38 F. 449, 453.

■ The terms "reside" or "have an office in" have reference to the actual presence of the trustee within the judicial district, rather than a legal or a voting residence; if a person resides in Charlotte, North Carolina, and has an office in this district at the time of his appointment, he is qualified; or if he has an office in Charlotte, North Carolina, and resides in this district at the time of his appointment, he is qualified.

■ The requirement of the bankruptcy statute "reside in" or "have an office in" was intended to serve the same purpose, that is, that the person qualifying would be sufficiently present in the judicial district to be subject to judicial process within the district and to be available for consultation conveniently therein. As the court said In re Seider, D.C., 163 F. 138, "the entire scheme of the bankruptcy law is aimed at the convenience of the parties". In defining the qualifications of a trustee, the bankruptcy act was "not creating a public officer * * * nor do the necessities of the situation require more than responsibility and availability." In re Seider, supra (163 F. 138). Nor does the statute purport to fix the time when he shall start to reside in the district or for what purpose he is residing in the district at the time of his appointment.

■ I am satisfied that it has been sufficiently established that R. Emmett Kerr was residing in good faith in this district prior to and at the time of his unanimous election as trustee which makes him available and subject to the processes of this court and the convenience of the interested parties. There is no contention that he is not competent to perform the duties of trustee. In fact, he is a man of high character, wide business experience and eminently qualified to perform the duties as trustee of this bankrupt.

I must, therefore, conclude that R. Emmett Kerr is qualified within the requirement of the Bankruptcy Act.

An order has been entered by me reversing the order of the Referee, and appointing R. Emmett Kerr as trustee in bankruptcy, pursuant to his election by the creditors.