September 12, 1979

## 79-67  MEMORANDUM OPINION FOR THE ACTING DIRECTOR, EXECUTIVE OFFICE FOR U.S. ATTORNEYS

### Assistant U.S. Attorney—Residence Requirement (28 U.S.C. § 545)

Your Office requested our opinion whether a prospective appointee to the position of Assistant U.S. Attorney for the Eastern District of North Carolina satisfies the residency requirement of 28 U.S.C. § 545(a) (1976). That section provides:

> Each United States attorney and assistant United States attorney shall reside in the district for which he is appointed, except that these officers of the District of Columbia and the Southern District of New York may reside within 20 miles thereof.

The U.S. Attorney for the Eastern District of North Carolina wishes to appoint Mr. A, who currently resides in the Middle District of North Carolina, as an Assistant U.S. Attorney for the Eastern District of North Carolina. It would be a hardship for A's family to move to the Eastern District because his wife is completing her undergraduate degree at a university in North Carolina.

According to the information provided to us, A is willing to establish a residence in the Eastern District to avoid conflict with the residency requirement. He plans to rent an apartment at which he usually will be available during the workweek. His family would relocate when his wife completes her undergraduate work. A is also willing to change his voting registration to Wake County in the Eastern District and take other measures necessary to satisfy the residency requirement.

The term "residence" generally refers only to physical presence, not to legal domicile or voting residence. *Weible* v. *United States,* 244 F. (2d) 158, 163 (9th Cir. 1957); *In Re National Discount Corp.,* 196 F. Supp. 766, 769 (W.D.S.C. 1961). A person can have only one domicile, but may have more than one residence or no residence at all. *Corwin Consultants, Inc.* v. *Interpublic Group of Companies, Inc.,* 512 F. (2d) 605, 610 (2d Cir.

1975). The meaning of the term varies depending on its context and must be interpreted in light of the statute in which it appears. *See, Guessefeldt v. McGrath,* 342 U.S. 308, 311–12 (1951). In *In Re National Discount Corp., supra,* 196 F. Supp. at 769, the court stated:

> In statutory construction, it is settled that 'reside' is an elastic term to be interpreted in the light of the purpose of the statute in which such term is used; 'reside' is a term whose statutory meaning depends upon the context and purpose of the statute in which it occurs.

It appears from the legislative history that the purpose of the residency requirement was to ensure the availability of the attorneys. The residency requirement for Assistant U.S. Attorneys first was enacted in 1896, in a general appropriation measure. Legislative, Executive and Judicial Expenses Appropriations Act, ch. 252, § 8, 29 Stat. 181 (1896). Residency has been a requirement since that time, although exceptions were provided for the Southern District of New York and the District of Columbia. In the debates of the bill amending the statute to except the District of Columbia, congressional concern focused on the attorneys' physical presence within the district, not on legal domicile. Representative McLaughlin, speaking in favor of the bill, commented that the residency provision requires the attorneys to "move into" the district and "live in" the district. 87 CONGRESSIONAL RECORD 3269 (1941). Representative South, opposing the bill, stated, "it will be to the best interest of the people whom they serve to require them to live among such people during their tenure of office." *Id.* It was suggested that other metropolitan areas might experience problems similar to those of New York and the District of Columbia, but no additional exceptions were made.

The prior law and revision note appearing in the United States Code under a precursor of § 545(a) stated that "the residence requirement of this section has no relation to domicile or voting residence * * * ." *See* 28 U.S.C. § 545 (1976), prior law and revision note.

In our opinion, the residency requirement of § 545(a) would be satisfied if Mr. A rents an apartment in the Eastern District and lives there during the workweek. It is not legally necessary that he change his voting registration.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*