### In re SEIDER et al.

(District Court, E. D. New York. April 24, 1908.)

**BANKRUPTCY—TRUSTEE—EFFECT OF CHANGE OF RESIDENCE.**

A trustee in bankruptcy, who at the time of his appointment resided in the district of appointment, and who then had and still has an office therein, is not subject to removal because he has changed his legal residence to another district, provided such change does not interfere with the performance of his duties, nor render it difficult for persons interested to communicate with or serve notices upon him.

In Bankruptcy. On petition for removal of trustee.

Malcolm Sundheimer, for petitioner.

Leon Lauterstein, for trustee.

CHATFIELD, District Judge. Act July 1, 1898, c. 541, § 45, 30 Stat. 55 (U. S. Comp. St. 1901, p. 3438), provides that:

"Trustees may be (1) individuals who are respectively competent * * * and reside or have an office in the judicial district within which they are appointed, or (2) corporations * * * having an office in the judicial district," etc.

In the present case the trustee, when appointed, was living in the county of Suffolk, within this district, and (as claimed by his affidavits) had and still has an office in the borough of Brooklyn, which he uses for the transaction of business when convenient so to do. But it also appears that the trustee resides for the greater portion of the year, and votes, in the borough of Manhattan, where he maintains an office for the practice of the law. The trustee was elected, has qualified, and is in the performance of his duties; considerable proceedings having been begun on his part as trustee. Objection is now made that this trustee has not a legal residence nor an office within this district, and his removal is asked upon these grounds.

It may be assumed that the provisions of section 45 are mandatory, and that the word "may" is equivalent to "shall," in the sense that the section allows a trustee to be chosen from but two classes, viz., persons of a certain sort or corporations. It may likewise be assumed that the provisions of section 44, giving the court authority to appoint a trustee if the creditors do not make the necessary choice, are governed by the language of section 45. It is necessary, therefore, to determine the meaning of the words "reside or have an office," contained in section 45, inasmuch as the entire scheme of the bankruptcy

law is aimed at the convenience of the parties, and the advantage of those, including the bankrupt, who are interested in the bankrupt estate. It seems to be evident, therefore, that actual presence is intended, rather than a legal or voting residence. The Standard Dictionary gives as the meaning of the word "reside":

"(1) To make an abode for a considerable time; to live; to dwell; (2) to be in official residence."

Certain rights and duties may follow habitation in a certain place under certain conditions. The payment of taxes is an illustration of the obligations, and the right to vote or to hold elective or appointive office one of the privileges; but the bankruptcy law is not creating a public officer when it provides for the election of a trustee, nor do the necessities of the situation require more than responsibility and availability. The having of a fixed place of abode meets these requirements, and would seem to be what is intended by the statute. This makes it unnecessary to determine the political or civil rights which may or may not follow from the having of such fixed place of abode. A person might be domiciled or reside the greater portion of the year, and perhaps pay taxes, in the county of Kings and in the Eastern district of New York, and vote at a legal residence in another portion of the state, or even in a different state altogether. So with reference to the question of an office. A lawyer might have an office at his home in Brooklyn, and an office in one of the downtown buildings in the borough of Manhattan, and a third office in Jersey City, in the state of New Jersey, and any one of the three might be sufficient to meet the requirements of section 45.

It is evident that the responsibility of the trustee and his availability for the purposes of the bankrupt estate are the requirements considered in framing this statute, and it is evident, from the entire statute, that a desire was present in the minds of those framing the law to prevent some coterie of creditors attempting to secure the appointment of a trustee, perhaps from a different state, who could not be reached or served with papers in the district where the proceedings were located. As shown by the affidavits, the present trustee, when he was appointed and gave his bond, was residing, in the sense of being domiciled at that time, in this district. He then had, and since has had, an office which could have been used to meet the requirements of the statute; but actually the convenience of all parties is served by dealing with the trustee at his office in the borough of Manhattan, and it would be inequitable and not within the spirit of the statute to hold that a trustee may become disqualified and should be removed by reason of a change of residence or office, provided this change does not make it impossible for the trustee to perform his duties, nor difficult for the creditors to locate and communicate with the trustee. In the present case the papers show that the trustee has been faithfully performing his duties, is accessible, and is acting advantageously for the estate.

The motion will be denied.