## In re SODUS PACKING CO., Inc.

### No. 18164.

District Court, W. D. New York.

May 3, 1932.

Davies & Lesser, of New York City, for petitioner.

Van Duser & Liebschultz, of Rochester, N. Y., for trustee.

KNIGHT, District Judge.

Petitioner seeks to review the order of the referee appointing as trustee one Walter A. Swan. At the first meeting of creditors, William Schaffer was nominated for trustee by forty-one creditors whose claims aggregate $32,000. Preston Gaylord was nominated for such office by thirty creditors whose claims aggregate $30,228.35. It appearing on the examination of the bankrupt that this nomination had been solicited by letters sent by bankrupt, the referee struck out all such claims for voting purposes. Twenty-eight other claims which, so far as the record discloses, had not been solicited by bankrupt for the appointment of trustee, and whose aggregate amount was $59,000, were then voted for Gaylord. Neither nominee receiving both a majority in number of claims and in the amount thereof, the referee appointed the said Swan as trustee under the authority of section 44a of the Bankruptcy Act (11 USCA § 72). There is nothing in the moving papers to indicate in any way that Swan is not competent or is in any way disqualified to act. So far as appears he has had no connection with parties bankrupt or creditor.

It appears that M. M. Kelly, an attorney, cast the aforesaid twenty-eight votes for the candidate Gaylord. It appears that Kelly had been employed by the bankrupt in litigation with these petitioners shortly prior to the adjudication, but it does not appear that he represented the bankrupt at the time of adjudication in any way. He was not attorney for the bankrupt in the bankruptcy proceeding. There is nothing to show that he did not represent the interest of creditors. He was authorized by them to vote in the appointment of a trustee. It is evident that the referee had nothing before him to show that these creditors had been solicited by the bankrupt in the proceeding.

A former engagement by bankrupt of the attorney who casts the votes of creditors for trustee is a factor to be scrutinized by the referee in avoiding collusion between the bankrupt and the trustee to the detriment of creditors. It cannot be said as a matter of law that the votes said attorney controls may or may not be voted at the election. If the employment has been terminated and no interests adverse to those of creditors remain as a result thereof, or exist from other sources, it would appear that the votes of the creditors he represents must be given their relative weight. If the referee should find that the result of such action would be detrimental to creditors, he may under General Order XIII (11 USCA § 53) disapprove the election.

Regardless of the question of whether or not the votes cast by Kelly should have been considered, the mere disallowing of all of the votes cast for Gaylord would not entitle Schaffer to election. Section 56a of the Bankruptcy Act (11 USCA § 92(a) provides that creditors shall pass upon matters submitted to them by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present. As was said in Re Machin & Brown (D. C.) 128 F. 315, 316, of disqualified votes cast for a trustee: "The creditors who cast them were exercising 'a legal right in a legal and proper manner,' to use the language of the referee; and, even if they were voting for a candidate who could not be approved by the court, this did not make their votes a nullity, so that the opposing candidate must be declared elected." The creditors voting for Schaffer could not elect him, as they had not a majority in number and amount of the claims of all creditors whose claims have been allowed and were present.

In the present case the creditors failed to elect a trustee, and since it does not appear that they requested another election for that purpose, it becomes the duty of the referee to appoint a trustee. The appointment of Swan as trustee, therefore, will not be disturbed.