## In re PICK BARTH HOLDING CORPORATION.

### No. 951.

District Court, D. Delaware.
April 6, 1933.

See, also, 3 F. Supp. 485.

Hugh M. Morris and Ivan Culbertson, both of Wilmington, Del., for trustee.

Milton Kramer (of White & Case), of New York City, for Atlas Corporation.

Samuel J. Levinson (of Weinstein & Levinson), of New York City, and H. Albert Young, of Wilmington, Del., for Katie French.

NIELDS, District Judge.

This is an application by a creditor to review an order of sale entered by the referee. Pick Barth Holding Corporation was adjudicated a voluntary bankrupt January 9, 1933. January 21, 1933, Nathaniel Peter Rathvon was appointed trustee by the creditors and qualified by giving bond. March 9, 1933, the trustee filed with the referee a petition setting forth that he had received an offer from Atlas Corporation for all the property and assets of the bankrupt with certain exceptions. March 24, 1933, Katie French, a creditor, filed with the referee her petition praying that the trustee be examined as to his qualifications, so that, in the event the court should ascertain that the trustee had no bona fide office or residence within this district, he be removed and a meeting of creditors called for the election of a new trustee. March 27, 1933, after notice to creditors, the petition of the trustee for an order of sale came on for hearing before the referee. Objection to the acceptance of the offer was made by a small minority of creditors. In addition to various objections, counsel for petitioner questioned the election and qualifications of the trustee. At the conclusion of the hearing on March 27, 1933, the referee approved the offer of Atlas Corporation made to the trustee and entered an order for private sale. A review of this order is sought here.

Section 44 of the Bankruptcy Act (11 USCA § 72) provides: "The creditors of a bankrupt estate shall, at their first meeting after the adjudication * * * appoint one trustee or three trustees of such estate." This section gives to creditors the right to elect a trustee. The election should not be set aside unless it clearly appears that some requirement of law has been violated.

Section 45 of the Bankruptcy Act (11 USCA § 73) provides: "Trustees may be (1) individuals who are respectively competent * * * and reside or have an office in the judicial district within which they are appointed. * * * *"

The trustee is the arm of the court. He is the representative of no creditor or class of creditors. As the title of his office imports, he is trustee for all who have an interest in the estate.

Here the election of the trustee is challenged on two grounds: (1) Because he did not "reside or have an office" in this district at the time of his election, within the meaning of section 45 of the Bankruptcy Act; and (2) because he had been, and at the time of his election as trustee was, an employee of Atlas Corporation, the company offering to purchase the assets, and also the largest creditor of the bankrupt, having an interest of approximately 85 per cent. of the aggregate of the provable liabilities of the bankrupt, other than deferred liabilities. These are serious questions. If it shall appear that the trustee established an office in this district shortly before the filing of the bankruptcy petition to qualify himself for election as trustee, or if it shall appear that he was an employee of the Atlas Corporation and owed his appointment in large part to his employer—the proposed purchaser—it may well be that his election as trustee by the creditors should be disapproved. There is no proof before the court to enable it to pass upon these questions. Counsel for the petitioner requested the referee to defer an order of sale until his application to remove the trustee could be determined. This request was not granted. Counsel for the trustee declined to state on the record before the referee whether or not the trustee was an employee of the Atlas Corporation, with the comment, "We are considering the merits and fairness of a proposal for purchase and sale." These substantial questions should have been passed upon by the referee before taking action on the petition of the trustee for a private sale.

The case will be referred back to the referee, with instructions to permit any party in interest to submit evidence relevant to the questions herein considered and to pass upon the same. The order of sale under review must be vacated and set aside.