**In the Matter of 4847 MERRICK ROAD, INC., d/b/a Irene's Ladies Wear, Bankrupt.**

No. 65–B–830.

United States District Court
E. D. New York.

Feb. 18, 1966.

Booth, Lipton & Lipton, New York City, for Ann Verdi, Inc., Gerald M. Kleinbaum, New York City, of counsel.

Goldman, Horowitz & Cherno, Mineola, N. Y., for trustee; Ronald Lipshie, Mineola, N. Y., of counsel.

BARTELS, District Judge.

This is a petition brought by Ann Verdi, Inc., a creditor of the above bankrupt, pursuant to Section 39(c) of the Bankruptcy Act (Act), 11 U.S.C.A. § 67(c), to review the order of the Referee in Bankruptcy made on October 20, 1965, approving the appointment of Michael

M. Hammer as trustee of the bankrupt estate.

Although the Referee's certificate required by Section 39(a) (8) of the Act, 11 U.S.C.A. § 67(a) (8), did not set forth "a statement of the questions presented, the findings and orders thereon," the Court by reading the minutes has been able to ascertain what transpired at the first meeting of creditors. After adjudicating the validity of various claims for voting purposes, the Referee found that "Sidney Sands has twenty-two claims in the amount of $11,798.23 and Michael Hammer has twenty claims for $10,111.21." Although the twenty-two claims were voted for Sands, this did not lead to his election, as would have been the case under ordinary circumstances, because the Referee then heard testimony from Sands which raised a serious question as to whether he had a residence or office within the Eastern District of New York as required by Section 45 of the Act, 11 U.S.C.A. § 73. Before announcing a decision on this issue, the Referee asked the attorneys if they were "through now on this record" and both responded affirmatively. The Referee then disqualified Sands because his only connection with the district was a telephone answering service which he held was not sufficient under the statute and declared that "Hammer is elected trustee in this matter." Stating that he would not permit the case to be reopened, the Referee refused to permit Sands' votes to be cast for another candidate or to allow inquiry as to whether Hammer had *improperly solicited claims.*

■ The Court finds that the Referee was fully justified in disqualifying

Sands as a candidate for trustee. While one may question the practical necessity of requiring a trustee to reside or have an office within the district, this mandate remains part of the statute and must be respected. To hold that a telephone answering service for which the recipient pays $100 a year "rent" is an office, would emasculate the statute.[1]

The Referee's action in then declaring Hammer "elected" presents a more serious problem. Using the word "elected" was incorrect since it is apparent that the Referee did not disqualify the votes cast for Sands but only the candidate who was the recipient of these votes. Accordingly, it is difficult to understand how Hammer could possibly be considered as having been elected by a majority in number and amount of creditors as is required by Section 56(a) of the Act, 11 U.S.C.A. § 92(a).[2] The only construction that can be given the Referee's action is that he "appointed" Hammer as trustee. The propriety of his action will accordingly be examined upon this basis.

Prior to its amendment in 1938, Section 44(a) of the Act, 11 U.S.C.A. § 72(a), permitted the Referee to appoint a trustee only when the creditors failed to 'elect one. The courts construed the section to mean that the Referee was compelled to allow the creditors another opportunity to select a trustee if their original choice was disapproved or disqualified.[3] As a result of the 1938 amendment to this section, however, the Referee was granted authority to appoint a trustee in another situation, i. e., when the trustee elected "fails to qualify". The correct meaning of this phrase has occasioned much disagreement. Appar-

1. See, 2 Collier on Bankruptcy (14th Edition) ¶ 45.04, pp. 1703–1704; cf., In Re National Discount Corporation, W.D.S.C. 1961, 196 F.Supp. 766; In Re Seider, E.D.N.Y.1908, 163 F. 138.

2. As expressed in 2 Collier on Bankruptcy (14th Edition) ¶ 45.03, p. 1703, "even if creditors or their representatives vote for a candidate who could not be approved by the court, this does not make their votes a nullity so that the opposing candidate must be declared elected." See also, In Re Sodus Packing Co., Inc., W.D.N.Y.1932, 1 F.Supp. 445; In Re House of Price, Inc., S.D.N.Y.1949, B 86129, 1 CCH Bankruptcy Law Reporter (4th Edition) ¶ 5064.24, p. 5172.

3. See, e. g., In Re Van de Mark, W.D. N.Y.1910, 175 F. 287; In Re Margolies, E.D.N.Y.1911, 191 F. 369; In Re Mackellar, D.C.Pa.1902, 116 F. 547.

ently, Collier is of the opinion that the amendment changed the previous rule so that the Referee is now permitted to appoint a trustee if the one chosen by the creditors (1) does not reside or have an office within the district as required by Section 45 of the Act, 11 U.S.C.A. § 73; (2) does not "qualify by entering into bond" as required by Section 50(b) of the Act, 11 U.S.C.A. § 78(b), or (3) is disapproved by the Referee for any other reason as provided in Section 2(a) (17) of the Act, 11 U.S.C.A. § 11(a) (17).[4] Remington, on the other hand, seems to conclude that the only additional category added by the 1938 amendment refers to the trustee's failure to post a bond and that in all other cases the Referee must continue to hold a new election.[5] The Second Circuit noted but did not resolve the question in In Re Eloise Curtis, Inc., 2 Cir. 1964, 326 F.2d 698, 701, 99 A.L.R. 2d 1286.[6]

█ The crucial question here is the meaning of the phrase "fails to qualify". The Court believes that Remington's interpretation is the correct one and that the Referee must hold a new election when the trustee chosen by the creditors does not reside or have an office in the district. The phrase "fails to qualify" in Section 44(a) closely parallels the phrase "shall qualify by entering into bond" in Section 50(b). While Section 45 concerning the trustee's place of office is headed "Qualifications of Receivers and Trustees", its text, unlike the text of Section 50(b), does not use either the phrase "shall qualify" or the word "qualifications".[7]

█ There is no question that the purpose of the 1938 amendment was to save the expense and delay of calling another creditors' meeting.[8] Limiting the phrase "fails to qualify" to the bond requirement accords with this purpose. Since a trustee does not have an opportunity to post a bond until after he has been elected and notified, his failure to do so would always necessitate a second meeting. However, when a trustee is disapproved for other reasons, the disapproval will usually occur, as it did here, at the first meeting of creditors, in which event the creditors can be offered another opportunity then and there to elect a trustee without the necessity of calling a subsequent meeting. To apply the amendment to situations other than that which occurs when the trustee fails to post a bond would not further its purpose.

Reference should also be made to the parallel phraseology of Section 378 of the Act, 11 U.S.C.A. § 778, which deals with arrangements. This section states in

4. 2 Collier on Bankruptcy, supra, ¶ 44.11, p. 1660.

5. 2 Remington on Bankruptcy (Henderson Revision) ¶¶ 1104–1105, pp. 561–563. This view also has the support of other writers on the subject. See, Herzog, The Election of a Trustee, 34 Ref.J. 73, 80 (July 1960) ; Bare, Trustees, 1 Proceedings of the Seminar for Newly Appointed Referees in Bankruptcy (1964), pp. 144–145.

6. A subsequent opinion in the same case also posed the problem. See, In Re Eloise Curtis, Inc., S.D.N.Y.1965, 242 F.Supp. 806.

7. The legislative history is of little help in interpreting this phrase. What is available seems to support the Court's conclusion. Thus, the Senate Report couples "fails to qualify" with the bond requirement when it states that "If a trustee appointed by the creditors fails to qualify, an appointment is made by the court and the court is also given authority to fix the amount of the trustee's bond." Report of the Senate Judiciary Committee No. 1916 (1938) p. 15. The House Report merely states that "the section is further amended to provide that if a trustee fails to qualify, a trustee shall be appointed by the court. Under the present law, in case of the failure of the trustee to qualify, a new election must be held which results in the expense and delay of calling another meeting of creditors." Report of the House Committee on the Judiciary No. 1409 (explanatory of H.R. 8046), p. 16 (1937).

8. Report of the House Committee on the Judiciary No. 1409, supra, p. 16; see also, 2 Collier on Bankruptcy (14th Edition) ¶ 44.11, p. 1661.

part that "the trustee nominated by creditors under this chapter shall be appointed by the court, or, if not so nominated or if the trustee so nominated *fails to qualify within five days after notice to him of the entry of such order,* a trustee shall be appointed as provided in section 44 of this Act." (Emphasis supplied) The phrase "fails to qualify within five days" is tied into the bond requirement because Section 50(b) states that "Receivers and trustees, before entering upon the performance of their official duties and *within five days after their appointment * * * shall qualify by entering into bond to the United States.*" (Emphasis supplied) Thus, Section 378 permits the Referee to appoint a trustee only when the one selected fails to post a bond and not when he is disapproved for any other reason. There is no reason to accord a different construction to the term "fails to qualify" when it is used in Section 44(a).[9]

■ While the resolution of this problem is not crystal clear, any doubts should be resolved in favor of that interpretation which allows the creditors the most latitude in exercising their right to elect a trustee of the bankrupt estate. "Their privilege is not exhausted by mischance in the first attempt at its exercise."[10] Therefore, the decision of the Referee is hereby reversed and he is accordingly directed to hold another election. This disposition makes it unnecessary to consider his refusal to reopen the proceedings to inquire into the propriety of the solicitation of any claims.

This is an order.

9. A distinction should be made between being "eligible" to hold an office and "qualifying" to assume an office for which one has been eligible and to which one has been elected or appointed. Eligibility must exist prior to the event and qualifying takes place after the event. Thus, Webster's New International Dictionary (Second Edition, 1960—Unabridged) states that the word "eligible" means that a person is "worthy to be chosen or selected" (p. 831), and that the word "qualify" means "to obtain legal or competent power

or capacity by taking the oath, or complying with the necessary forms or conditions, as on assuming an office" (p. 2031). See also, Black's Law Dictionary (Fourth Edition), pp. 612, 1406. It thus appears that in the context of Section 44(a) the word "qualify" means complying with the condition of posting a bond after a trustee is elected. Under this interpretation, Sands was never eligible for election.

10. 2 Remington on Bankruptcy, supra, § 1105, p. 562.