In the Matter of the Bankruptcy Petition Re: Ross DRUMMOND, Jr., dba Ross Drummond Motors.

William B. GROVER, Appellant,

v.

Ross DRUMMOND, Jr., Appellee.

No. 23021.

United States Court of Appeals Ninth Circuit.
Sept. 19, 1969.

---

Frederick L. Hilger, Eureka, Cal., for appellant.

Milton Maxwell Newmark, Lafayette, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and KILKENNY, District Judge[*].

KILKENNY, District Judge:

Appellant appeals from the judgment of the District Court, affirming the order of the Referee in Bankruptcy, which removed appellant from the list of qualified trustees for the Eastern District of California. Appellant is qualified in the Northern District of that state. The record supports the findings of the Referee that appellant's main office was in Eureka, outside the Eastern District of California and that he employed a secretary who was present in the Redding office in the Eastern District on an irregular schedule. She was present in Redding, in the Eastern District, only 15 to 20 hours a week. She was paid on an hourly basis, rather than on a regular monthly or bi-monthly pay schedule, and was also employed by a radio station. Appellant maintained an answering telephone service which received calls when his secretary was absent, which would be about one-half the regular 40-hour week. Appellant spent only two to four days a month in the Redding office in the months of October, November and December, immediately preceding this controversy. Indeed, the Redding office was used mainly as a warehouse to store items which appellant collected in various bankrupt estates which he administered. All pleadings in the bankruptcy cases were prepared in Eureka, the final accounts being generally prepared in the same city. Appellant's residence in that city was 134 miles from Redding. The Referee had an opportunity to see, observe and pass on the credibility of the appellant on the witness stand. A few minor disputes on the facts were resolved against the appellant.

The Referee, who resided in the District, and who was familiar with local conditions, concluded that appellant's opening of the office in Redding did not conform to the requirements of § 45 [1] of the Bankruptcy Act. That section requires, among other things, that a trustee reside, or have an office in the judicial district within which he is appointed. We hold, as did the Referee and District Judge, that the residential or office requirements of § 45 were intended to assure that a person qualifying under the section would be sufficiently present in the judicial district to be reasonably available for consultation and advice. 2, Collier on Bankruptcy, 14th Ed. § 45.04 (Supp.1968);

---

[*] The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

1. 11 U.S.C. § 73.

"Receivers and trustees; qualifications

Receivers and trustees shall be (1) individuals who are competent to perform their duties and who reside or have an office in the judicial district within which they are appointed; or (2) corporations authorized by their charters or by law to act in such capacity and having an office in the judicial district within which they are appointed. July 1, 1898, c. 541, § 45, 30 Stat. 557; June 22, 1938, c. 575, § 1, 52 Stat. 860."

In re National Discount Corporation, 196 F.Supp. 766 (W.D.S.C.1961); In re Seider, 163 F. 138 (E.D.N.Y.1908). The telephone answering service adds nothing to appellant's qualifications. In re 4847 Merrick Road, Inc., 250 F.Supp. 929 (E.D.N.Y.1966).

On the petition for review, the District Judge conducted a hearing. The evidence was essentially the same as that produced before the Referee. The District Judge held that the findings of the Referee were supported by substantial evidence and were not clearly erroneous. We, too, are bound by those findings. Tepper v. Chichester, 285 F.2d 309 (9th Cir. 1960); O'Hagan v. Blythe, 354 F.2d 83 (2d Cir. 1965); Flaxman, Coleman, Gorman & Rosoff v. Cheek, 355 F.2d 672 (9th Cir. 1966).

Even if we could say there was no real issue of fact, or that different inferences might not be drawn therefrom, and that we would have the right to reexamine the issues and arrive at our own conclusions under the teachings of Costello v. Fazio, 256 F.2d 903 (9th Cir. 1958) and Tepper v. Chichester, *supra,* we would completely agree with the findings and conclusions of the Referee and the order of the District Court. Simply stated, the record before the Referee, the District Court, and now before us, does not support a finding that appellant was conveniently available for consultation within the meaning of § 45 and the decisional law on the subject.

We have considered appellant's side attacks on the Referee's findings and conclude they are without substance.

We affirm.

BARNES, Circuit Judge (specially concurring):

I concur in the result and in the opinion, except for the penultimate paragraph.