**In re Ronald C. MacINTYRE; Mary M. Pikus, Debtors.**

**Philip A. DeMASSA, APC; Philip A. DeMassa, Appellants,**

**v.**

**Lyle BUTLER; Ronald MacIntyre; Mary Pikus; Prudential California Realty, Appellees.**

**BAP No. SC–93–2071–RHJ.**
**Bankruptcy No. 92–02840–M7.**
**Adv. No. 92–90403–M7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 18, 1995.

Decided Feb. 22, 1995.

Philip A. DeMassa, San Diego, CA, for appellants.

Charles D. Christopher, San Diego, CA, for appellees.

Before RUSSELL, HAGAN and JONES, Bankruptcy Judges.

### OPINION

RUSSELL, Bankruptcy Judge:

This appeal arises from a complaint seeking to have the debtors' discharge denied based on alleged fraudulent conduct by the debtors. The bankruptcy court ruled in favor of the debtors and granted the debtors a discharge.[1]

The appellants, Philip A. DeMassa and his professional corporation ("DeMassa") moved to file an oversize brief exceeding the normal page limits set forth in BAP Rule 5(b).[2] Attached with that motion was a copy of DeMassa's oversized brief, which was sixty pages in length and contained twenty-eight footnotes. The motion was denied.

The present opening brief filed by DeMassa is thirty-one pages in length and contains twenty-six footnotes. The present brief was printed in the same type size as the earlier brief, with the one exception that DeMassa changed the type size of his footnotes. In the first brief, the footnotes were printed in a type font similar to "courier 10," which contains ten characters per inch. In the present brief, DeMassa used a type font similar to "courier 12," which contains twelve characters per inch. This results in a minuscule type size which is much more difficult to read than the required type size. In addition, the reduced type size is in violation of our Rule 5(a) and Fed.R.App.P. 32(a).[3] Ironically, DeMassa's reply brief, which is twenty-one pages, contains the proper size footnotes.

It is clear that DeMassa is utilizing the minuscule type size for the sole purpose of circumventing our page limits on opening briefs. Had DeMassa used the correct type size for the footnotes in his opening brief, he would have undoubtedly exceeded the thirty page limit by several pages.

It is also worth noting that DeMassa's use of footnotes is excessive and attempts to squeeze additional argument into his brief by utilizing the single spacing found in footnotes. The majority of his footnotes add additional argument which should have been included in the main text of DeMassa's brief.

---

1. We affirmed the bankruptcy court on the merits of this case in an unpublished memorandum decision. In this opinion, we consider only one issue, whether appellants should be sanctioned for attempting to circumvent page limits by reducing the type size of footnotes in his brief in violation of BAP Rule 5 and Fed.R.App.P. 32(a).

2. BAP Rule 5(b) provides that "[e]xcept with leave of a panel, the appellant's and the appellee's opening briefs shall not exceed thirty (30) pages, and reply briefs shall not exceed twenty (20) pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations, or similar material."

3. BAP Rule 5(a) provides that "[b]riefs shall be submitted in general conformance with Bankruptcy Rule 8010 and Rule 32(a) of the Federal Rules of Appellate Procedure."

Fed.R.App.P. 32(a) in turn provides in relevant part, "**(a) Form of Briefs and the Appendix** ... All printed matter must appear in at least 11 point type...."

See Robert M. Tylar, Jr., *Practices and Strategies For a Successful Appeal*, 16 Am.J.Trial Advoc. 617, 619 (Spring 1993) ("Footnotes are used effectively for several purposes, including citation to the clerk's record and reporter's transcript, citation of case authority from other jurisdictions, distinguishing opponent's authorities, contradicting the opponent's authorities, and cross-referencing other portions of a brief."); Alex Kozinski, *The Wrong Stuff*, 1992 B.Y.U.L.Rev. 325, 327 (commenting humorously on how to lose an appeal by changing the size of type); Ruggero J. Aldisert, *Opinion Writing*, §§ 12.1, 12.2 (West 1990) (listing guidelines for proper footnote use).

Because page limits are important to maintain judicial efficiency and ensure fairness to opposing parties, we IMPOSE SANCTIONS in the amount of $250 upon DeMassa, which is payable to the United States Bankruptcy Appellate Panel of the Ninth Circuit. *See Kano v. National Consumer Cooperative Bank*, 22 F.3d 899 (9th Cir.1994) (imposing $1,500 sanctions for failure to comply with Fed.R.App.P. 32(a) by not double spacing and reducing the size of footnotes).