In re MARTECH USA, INC., Debtor.

**J.P. MORGAN INVESTMENT MANAGEMENT, INC., Smith Barney Shearson and Grace Brothers, Inc., Appellants,**

v.

**UNITED STATES TRUSTEE and Kenneth W. Battley, Appellees.**

BAP No. AK–95–1339–MeJeNa.

Bankruptcy No. A93–00889–DMD.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 21, 1995.

Decided Oct. 20, 1995.

Stephen H. Case and Arnon D. Siegel, Washington, DC, for appellants.

Paul W. Koval and Rebecca S. Copeland, Anchorage, AK, for appellee Battley.

Barbara L. Franklin, Anchorage, AK, for appellee U.S. Trustee.

Before MEYERS, JELLEN and NAUGLE, Bankruptcy Judges.[1]

## OPINION

MEYERS, Bankruptcy Judge.

### I

The bankruptcy court for the District of Alaska refused to appoint a New York resident as Chapter 7 trustee, on the basis that he did not have an office in Alaska. Several creditors appeal this ruling.

We **AFFIRM.**

### II

### FACTS

On December 19, 1993, Martech USA, Inc. filed a Chapter 11 bankruptcy petition. The case was converted to Chapter 7 on December 21, 1994.

Kenneth W. Battley, a panel trustee for the District of Alaska, was appointed interim Chapter 7 trustee on December 22, 1994. At the meeting of creditors held on January 19, 1995, an election for a permanent trustee was conducted. Joseph Pardo received the majority of the votes, including those of appellants J.P. Morgan Investment Management, Inc., Smith Barney Shearson and Grace Brothers, Inc. (collectively the "Appellants"). Several creditors voted for Battley.

The United States Trustee filed a motion for resolution of the disputed election and filed a report with the bankruptcy court pursuant to Fed.R.Bankr.P. 2003(d). The court held that Pardo did not have an office in the District of Alaska within the meaning of Bankruptcy Code ("Code") Section 321 and appointed Battley as permanent trustee.

The Appellants filed a notice of appeal and a motion for stay pending appeal. The bankruptcy court granted the motion, appointing Battley as interim trustee, rather than permanent trustee, until the appeal was resolved. The Appellants, the United States Trustee and Battley filed appellate briefs.[2]

### III

### STANDARD OF REVIEW

██ Jurisdiction is a question of law reviewed *de novo*. *In re Lawson*, 156 B.R. 43, 45 (9th Cir. BAP 1993).

██ Where the bankruptcy court has exercised some supervisory powers over the election of a trustee, its actions should be examined to determine whether it has abused its discretion. *In re Oxborrow*, 913 F.2d 751, 754 (9th Cir.1990). A court which relies upon an erroneous interpretation of law abuses its discretion. *In re Davis*, 177 B.R. 907, 913 (9th Cir. BAP 1995).

### IV

### DISCUSSION

A. *Whether the Order is Final*

██ Battley contends that the Panel lacks jurisdiction to decide this appeal because the order appointing him trustee is interlocutory. Orders that determine and affect substantive rights and have the potential to cause irreparable harm to the losing party are immediately appealable so long as they finally determine the discrete issue to which they are addressed. *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir.1987). Chapter 7 trustees play an important role in bankruptcy cases, making numerous decisions which under the mootness doctrine cannot be undone by an appellate court ruling. A trustee's actions on behalf of the estate should be supported with the certainty that the trustee's capacity to so act is valid. Forcing the Appellants to wait to the end of the bankruptcy case to appeal

---

1. Hon. Edward D. Jellen, from the Northern District of California, and Hon. David N. Naugle, from the Central District of California, both sitting by designation.

2. Under BAP Rule 5(a) and (b), opening briefs generally must conform with Fed.R.App.P. 32(a) and may not exceed 30 pages. Battley's opening brief is 27 pages, but contains type size smaller than that required by Fed.R.App.P. 32(a) and

includes 30 footnotes. Although we will not impose sanctions in this case, we caution Battley's counsel that sanctions recently were assessed in a similar situation. *See In re MacIntyre*, 181 B.R. 420, 422 (9th Cir. BAP 1995) (sanctioning appellant for using small type size and 26 footnotes in apparent attempt to circumvent page limit for opening briefs).

an important decision made at the beginning of the case would cause irreparable harm. The order resolving the election dispute should be considered final since it conclusively determined a discrete issue. *In re Oxborrow*, 104 B.R. 356, 359 (E.D.Wash.1989), *aff'd*, 913 F.2d 751 (9th Cir.1990). Even if the order were interlocutory, the Panel would grant leave to hear the appeal. *See In re Sperna*, 173 B.R. 654, 658 (9th Cir. BAP 1994) (Panel treated notice of appeal as motion for leave to file interlocutory appeal and granted the motion).

B. *Standing*

██ Battley also asserts that the Appellants lack standing to appeal the order. A person has standing to appeal a bankruptcy court order which directly, adversely and pecuniarily affects that person. *Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir.1983). The Appellants in this case have standing. In choosing to enact Code Section 702, the statute allowing creditors to vote for a Chapter 7 trustee, Congress must have concluded that the choice of a trustee could materially affect the creditors of the estate. Parties who make the effort to attend the meeting of creditors and vote for a trustee should be allowed to appeal an order resolving a disputed election.

C. *Whether Pardo Had an Office in Alaska*

██ The court ruled that Pardo was unqualified to serve as trustee because he did not have an office in the District of Alaska. Code Section 321(a)(1) provides:

A person may serve as trustee in a case under this title only if such person is an individual that is competent to perform the duties of trustee and, in a case under chapter 7, 12, or 13 of this title, resides or has an office in the judicial district within which the case is pending, or in any judicial district adjacent to such district.

The only Ninth Circuit case to address whether a person's office location qualified him to serve as trustee is *In re Drummond*, 416 F.2d 931 (9th Cir.1969), a case decided under Section 45 of the former Bankruptcy Act. Section 45 of the Bankruptcy Act stated in relevant part: "Receivers and trustees shall be (1) individuals who are competent to perform their duties and who reside or have an office in the judicial district within which they are appointed." Rule 209(d) relaxed this provision somewhat, requiring that a trustee have a residence or office in the state in which the case was pending or in an adjacent state.

The appellant in *Drummond*, who was qualified to serve as a bankruptcy trustee in the Northern District of California, appealed a court's decision to remove his name from the list of qualified trustees for the Eastern District of California. In *Drummond*, the appellant's main office was in the Northern District of California. He had another office in the Eastern District, staffed with a secretary approximately 15–20 hours a week. The court noted that the appellant spent only 2 to 4 days a month in that office in the 3 months immediately preceding the controversy, and that his residence was 134 miles from the office. The court further noted that the Eastern District office was used mainly as a warehouse to store items, with all pleadings and most of the final accounts prepared in the appellant's main office. 416 F.2d at 932. The court held that the appellant was not qualified to serve as trustee.

This case is on point and should be followed. In fact, Pardo's connection with the District of Alaska is even more remote than the *Drummond* appellant's connection with the Eastern District of California. Pardo lives in New York, approximately 4,000 miles from Alaska. Pardo visited his office in Anchorage for the first time on the morning of the trustee election, and as of the date of the bankruptcy court's hearing had hired no staff for that office. The office was leased on a month-to-month basis from the Appellants' Alaska counsel pursuant to an oral agreement. Pardo has no other assignments in Anchorage.

██ The Appellants argue that the term "has an office" in Code Section 321(a)(1) is unambiguous and should not be construed to require additionally that the office be used for any minimum length of time or any minimum amount of business. The Supreme Court has instructed courts that statutes

may not be interpreted to convey anything other than their plain meaning. Courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then judicial inquiry is complete. *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992).

 Yet the meaning of the term "has an office" is not plain. The Supreme Court has said that the meaning of words depends upon their statutory context. *Shell Oil Co. v. Iowa Dept. of Revenue,* 488 U.S. 19, 25, 109 S.Ct. 278, 281–82, 102 L.Ed.2d 186 (1988). Since Section 321(a)(1) requires the trustee to either have an office or reside in the district or an adjacent district, it appears that Congress intended that trustees be physically available on a regular basis in or near the district in which the case would be administered. The *Drummond* court construed the purpose of the residential or office requirements of the Act to be to assure that trustees were present and available in the judicial district for consultation and advice. 416 F.2d at 932. Under this interpretation, the statute certainly does not envision an "office" which the potential trustee visits for the first time on the day of the election. Pardo's device to get around the statutory requirement should not be countenanced, as mere payment of rent for property in Alaska does not assure Pardo's presence and availability in Alaska. Congress's directive concerning the location of a trustee's office must be complied with not just technically, but so as to serve the spirit of the rule; the rule is not to be probed for loopholes. A site which an individual rents for the sole purpose of allowing him an active role in one specific bankruptcy case is not to be considered that person's "office" under Code Section 321(a)(1).

The Appellants maintain that Congress knew how to limit the requirement of having an office, but chose not to do so. In 28 U.S.C. § 1408(1), venue of bankruptcy cases is limited to, *inter alia,* districts in which the debtor's principal place of business has been located for 180 days before the petition was filed. Venue is a completely different issue

than qualification of a trustee. Moreover, using the Appellants' analysis, one also could argue that Congress could have specified that the term "has an office" should be read broadly, but chose not to do so.

The Appellants have cited several district court decisions from other circuits which they claim give a more expansive definition of the term "office" under Section 45 of the Bankruptcy Act. *See In re Construction Supply Corporation,* 221 F.Supp. 124, 126 (E.D.Va.1963); *In re Flexible Conveyor Co.,* 156 F.Supp. 164, 168 (N.D.Ohio 1957); *In re Seider,* 163 F. 138, 139 (E.D.N.Y.1908). As these cases were decided prior to *Drummond* and are not binding, their relevance to this case is negligible. Moreover, other decisions support the narrow reading of the term "office" given in the *Drummond* case. *See In re 4847 Merrick Road, Inc.,* 250 F.Supp. 929, 930 (E.D.N.Y.1966); *In re Pick Barth Holding Corporation,* 4 F.Supp. 228, 229 (D.Del.1933).

The Appellants contend that *Drummond* should not be followed. But it is not the Panel's place to reject a decision of the Ninth Circuit Court of Appeals. Although *Drummond* was decided under the former Bankruptcy Act, it is quite relevant since "Section 321 is adapted from current Bankruptcy Act § 45 and Bankruptcy Rule 209." H.R.Rep. No. 595, 95th Cong., 1st Sess. 326 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 36 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5822, 6282. Unless the intent to change a law or policy is clearly expressed, we may not interpret such change from modification of language in the revision of a statute. *In re Ehring,* 91 B.R. 897, 900 (9th Cir. BAP 1988), *aff'd,* 900 F.2d 184 (9th Cir.1990). There is no indication that in enacting Code Section 321, Congress meant to diverge from the Act's requirement that trustees have an office in or near the judicial district in which the case was pending. Therefore we should interpret the term "office" in a manner consistent with precedent established under the Bankruptcy Act and defer to the law established in *Drummond.*

The *Drummond* case was decided before the advent of facsimile machines, jet airplanes and other modern devices. Given that

the *Drummond* court emphasized a trustee's physical availability in the judicial district, the fact that new technology has made communication and travel easier is not significant. The court in *Drummond* rejected the claim that infrequency of the appellant's physical presence in the district could be mitigated by telephonic access. The court held that the fact that the appellant maintained a telephone answering service when the secretary was not in the office "adds nothing to appellant's qualifications." 416 F.2d at 933. Following *Drummond*, we affirm the bankruptcy court's finding that Pardo did not have an office in or adjacent to the District of Alaska.[3]

## V

## CONCLUSION

The order appointing Battley trustee is a final order from which the Appellants have standing to appeal. The Appellants' arguments on the merits are unconvincing. Under the interpretation given by the Ninth Circuit Court of Appeals in *In re Drummond*, Pardo did not have an office in Alaska or in a judicial district adjacent to Alaska. The court correctly decided that Pardo was ineligible to serve as trustee.

**AFFIRMED.**

---

**3.** Because we hold that the Appellants' choice for trustee was ineligible to hold the position, we need not address Battley's contention that the Appellants were unqualified to request an election or vote.

Also, since the issue was not raised, we need not consider whether the court properly appointed Battley as trustee instead of ordering another election. (Compare Code Sections 702(d) and 703(a).)